Alan J. TEDESCO, Sandee Claypool, Frank Petrone, Barry Webster, Franklin Blackstone, Joseph Elstner and Cranberry Township, a second class township, Butler County, Commonwealth of Pennsylvania, Plaintiffs,

v.

UNITED STATES POSTAL SERVICE, Defendant.

Civ. A. No. 82–1078.

United States District Court, W.D. Pennsylvania.

Jan. 17, 1983.

**1388**

Frank P. Krizner, McCandless, Krizner & Price, Butler, Pa., for plaintiffs.

Judith Giltenboth, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

This case turns on a construction of certain provisions of the Postal Reorganization Act, 39 U.S.C. §§ 101–5605 (1976), (hereinafter the "Postal Reorganization Act"). The plaintiffs are individual residents of Cranberry Township, Butler County, Pennsylvania, who have been trying to convince the Postal Service to establish a post office in their township for more than two years. Having failed to persuade the Postal Service, the plaintiffs commenced this suit, alleging that the Postal Service has violated its duty to provide "prompt, reliable and efficient" service. 39 U.S.C. § 101. The Postal Service has moved to dismiss or, in the alternative, for summary judgment. For the reasons which follow, we believe that this court lacks jurisdiction to consider the plaintiffs' service-related complaint and will accordingly dismiss the complaint.

The plaintiffs allege that 28 U.S.C. § 1339 and 39 U.S.C. § 409(a) provide us with jurisdiction over the complaint.

28 U.S.C. § 1339 provides that:

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service.

39 U.S.C. § 409(a) provides that:

Except as provided in section 3628 of this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

■ While these sections do give the district courts general jurisdiction over cases involving Postal Service, they do not purport to create a cause of action of their own force. Unless the plaintiffs can direct us to a statute or regulation creating the right they seek to enforce, we have no jurisdiction over the subject matter of their dispute with the Postal Service.

The plaintiffs maintain that the provisions of 39 U.S.C. § 101(a), (e) and (g), 39 U.S.C. § 403(b)(3) and 39 U.S.C. § 404(a)(3), impose duties upon the Postal Service which, if breached, give rise to a federal cause of action.

39 U.S.C. § 101(a)(e) and (g) state that:

(a) The United States Postal Service shall be operated as a basic and fundamental service provided to the people by the Government of the United States, authorized by the Constitution, created by Act of Congress, and supported by the people. The Postal Service shall have as its basic function the obligation to provide postal services to bind the Nation together through the personal, educational, literary, and business correspondence of the people. It shall provide prompt, reliable, and efficient services to patrons in all areas and shall render postal services to all communities. The costs of establishing and maintaining the Postal Service shall not be apportioned to impair the overall value of such service to the people.

. . . .

(e) In determining all policies for postal services, the Postal Service shall give the highest consideration to the requirement for the most expeditious collection, transportation, and delivery of important mail.

. . . .

(g) In planning and building new postal facilities, the Postal Service shall emphasize the need for facilities and equipment designed to create desirable working conditions for its officers and employees, a maximum degree of convenience for efficient postal services, proper access to existing and future air and surface transportation facilities, and control of costs to the Postal Service.

39 U.S.C. § 403(b)(3) provides that:

(b) It shall be the responsibility of the Postal Service—

. . . .

(3) to establish and maintain postal facilities of such character and in such locations that postal patrons throughout the Nation will, consistent with reasonable economies of postal operations, have ready access to essential postal services.

39 U.S.C. § 404(a)(3) provides that:

(a) Without limitation of the generality of its powers, the Postal Service shall have the following specific powers, among others:

. . . .

(3) to determine the need for post offices, postal and training facilities and equipment, and to provide such offices, facilities, and equipment as it determines are needed.

These general policy and duty sections of the Act do not, however, explicitly provide for a cause of action against the Postal Service. In order to determine if Congress has implied such a right, we must apply the standard articulated by the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

In *Cort v. Ash,* the Court held that in order to determine "whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant." *Id.* at 78, 95 S.Ct. at 2088. These factors are:

1. whether the statute was enacted to benefit the plaintiff;

2. whether there is evidence of legislative intent to create or deny such a right, explicitly or implicitly;

3. whether implying such a right is consistent with the overall purpose of the legislation;

4. whether it is of an area traditionally delegated to the state.

Only the first three factors are relevant in the instant case since postal matters have always been a federal concern. Application of these factors convinces us that Congress did not intend to create a cause of action enforceable in the district courts for a complaint of inadequate postal service.

While the clear purpose of the Postal Reorganization Act was to benefit the public, including the plaintiffs, by providing improved postal service, Congress elected to produce this "benefit" by creating an autonomous quasi-governmental entity (the Postal Service) which would provide service in an efficient, businesslike manner. Thus, while the public was to benefit from improved postal service, the real beneficiaries of the expanded management authority and discretion provided by the Act was the Postal Service itself.

As to the second factor of *Cort v. Ash,* there is utterly no evidence of a Congressional intent to create a private cause of action in the general duty and purposes sections of the Act. Indeed, a close reading of the Act strongly suggests that Congress intended that complaints regarding postal service be resolved outside of court. In the Act, Congress created a specific mechanism for resolving disputes regarding postal service:

§ 3662. Rate and service complaints

Interested parties who believe the Postal Service is charging rates which do not conform to the policies set out in this title or who believe that they are not receiving postal service in accordance with the policies of this title may lodge a complaint with the Postal Rate Commission in such form and in such manner as it may prescribe. The Commission may in its discretion hold hearings on such complaint. If the Commission, in a matter covered by subchapter II of this chap-

ter, determines the complaint to be justified, it shall, after proceedings in conformity with section 3624 of this title, issue a recommended decision which shall be acted upon in accordance with the provisions of section 3625 of this title and subject to review in accordance with the provisions of section 3628 of this title. If a matter not covered by subchapter II of this chapter is involved, and the Commission after hearing finds the complaint to be justified, it shall render a public report thereon to the Postal Service which shall take such action as it deems appropriate.

39 U.S.C. § 3662.

Because the issues raised in this case are clearly outside of subchapter II (subchapter II involves permanent rates and classes of mail), it appears that Congress intended that service complaints of the type advanced by the plaintiffs should be addressed to the Postal Rate Commission rather than a district court. We believe that the explicit complaint procedure created by § 3662 is powerful evidence that Congress intended no private right of action for service complaints. Indeed, § 3662 when read in conjunction with § 3628 suggests a strong Congressional desire to keep the federal judiciary out of almost all postal decisions. § 3628 provides that:

A decision of the Governors to approve, allow under protest, or modify the recommended decision of the Postal Rate Commission may be appealed to any court of appeals of the United States, within 15 days after its publication by the Public Printer, by an aggrieved party who appeared in the proceedings under section 3624(a) of this title. The court shall review the decision, in accordance with section 706 of title 5, and chapter 158 and section 2112 of title 28, except as otherwise provided in this section, on the basis of the record before the Commission and the Governors. The court may affirm the decision or order that the entire matter be returned for further consideration, but the court may not modify the decision. The court shall make the matter a preferred cause and shall expedite judgment in every way. The court may not suspend the effectiveness of the changes, or otherwise prevent them from taking effect until final disposition of the suit by the court. No court shall have jurisdiction to review a decision made by the Commission or Governors under this chapter except as provided in this section.

39 U.S.C. § 3628.

We find that § 3628 when read with § 3662 effectively precludes *any* judicial review of service operations decisions made by the Postal Service except those concerning permanent rates and classes of mail.

The extremely limited judicial review afforded by these sections is consistent with the legislative purpose behind the Postal Reorganization Act and the promotion of efficient, businesslike postal operations.

As noted in the committee report on S. 3842, the Senate version of what was to become the Postal Reorganization Act, the goal was to give postal management the "unfettered authority and freedom it has been denied for years to maintain and operate an efficient service." Sen.Rep. No. 912, 91st Cong., 2d Sess. 2 (1970).

While the House Bill on postal reorganization, H.R. 17070 did contain broad provisions for judicial review of Postal Service decisions, *see* H.R. 17070, 91st Cong., 2d Sess. § 1257 (1970), the Senate bill contained the more limited judicial review language agreed to by the Conference Committee and later enacted into law. *See* Conference Rep. No. 1363, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad.News 3649, 3719.

While we are aware that the foreclosure of judicial review is not to be lightly inferred, *see Barlow v. Collins,* 397 U.S. 159, 166, 90 S.Ct. 832, 837, 25 L.Ed.2d 192 (1970), the import of the statutory scheme enacted by Congress in the Postal Reorganization Act is clear beyond question. Allowing such review would be contrary to the legislative intent to give postal management the discretion and autonomy to make decisions without excessive constraints. It is not the place of the courts to tamper with this rational legislative judgment, in light of the

"clear and convincing" evidence of the Congressional intent. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967).

Given the extremely limited role for the judiciary provided by Congress in the Postal Reorganization Act, we are certain that the Act has no room for implied rights of action. To the extent that our holding is contrary to some *dicta* in *Peoples Gas, Light and Coke Co. v. United States Postal Service,* 658 F.2d 1182 (7th Cir.1981), we must respectfully disagree with the reasoning of the Seventh Circuit Court of Appeals.

In *Peoples Gas,* the court ruled that procurement decisions of the Postal Service were subject to judicial review to check for conformity with the Service's own regulations. *Id.* at 1190. The Court went on to hold, however, that the plaintiff lacked standing to assert its particular claim. *Id.* at 1200.

For a court to take a regulation promulgated by the Postal Service as an internal operating procedure and use it to create a private right of action would be, we think, directly contrary to the intent of Congress as expressed in the Postal Reorganization Act. We believe that the clear intent of the Postal Reorganization Act was to permit the Postal Service to operate like a business and to respond with flexibility and imagination to the task of moving the mail.

If this goal is to be effectuated, the courts must permit the Postal Service to act like a business, without subjecting routine decisions to the cost and delay of judicial interference.

If it should appear at some point in the future that additional postal complaint procedures are desirable, Congress may, of course, elect to provide them. In light of the clear limitations on the role of the judiciary expressed in the Postal Reorganization Act, however, we do not think it appropriate to assume the mantle of Congress and create jurisdiction where none was intended.

Accordingly, we hold that the Postal Reorganization Act does not create a private right of action for alleged service inadequacies. The complaint will be dismissed for lack of subject matter jurisdiction without prejudice to the plaintiffs' right to bring their grievance to the attention of the Postal Rate Commission as provided by 39 U.S.C. § 3662. An appropriate order will issue.