**Harry B. JONES, Jr.**

v.

**BELL ENTERPRISES, INC., Clearing House Digest, and Port Adventure Resort.**

**Civ. A. No. 1:91–CV–292.**

United States District Court, E.D. Texas, Beaumont Division.

July 26, 1991.

Harry B. Jones, pro se.

Laurel A. Finger, Webb, Zimmerman, Beck, Flaum & Axelrod, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Plaintiff Harry B. Jones, Jr. (Jones) filed a complaint against the defendants alleging violations of the federal criminal mail fraud statute, 18 U.S.C. § 1341, and the Texas Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.41, *et seq.* (Vernon 1987). Subject

matter jurisdiction was invoked pursuant to 28 U.S.C. § 1339 and the court's "pendent jurisdiction" (which has been codified at 28 U.S.C. § 1367).[1]

Defendant Clearing House Digest has filed a motion to transfer this cause to the United States District Court for the Southern District of Texas, Houston Division on the basis of 28 U.S.C. §§ 1391 and 1404.

The court's attention, however, is drawn to Fed.R.Civ.P. Rule 12(h)(3) which states:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

See also *Feigler v. Tidex, Inc.*, 826 F.2d 1435, 1437 (5th Cir.1987) ("[a]lthough no party questions federal jurisdiction, we are obliged to do so *sua sponte* ").

The postal jurisdictional statute, 28 U.S.C. § 1339, was not designed to and cannot supply a federal court with subject matter jurisdiction over Jones, criminal mail fraud claim. *See Kaiser v. U.S. Postal Service*, 908 F.2d 47, 52 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 673, 112 L.Ed.2d 665 (1991); *O'Connor v. Yezukevicz*, 589 F.2d 16, 18 (1st Cir.1978); *Tedesco v. U.S. Postal Service*, 553 F.Supp. 1387, 1388 (W.D.Pa.1983); *Sciolino v. Marine Midland Bank*, 463 F.Supp. 128, 130–131 (W.D.N.Y.1979).

Also, the federal question jurisdiction statute, 28 U.S.C. § 1331, cannot afford a federal court with jurisdiction over Jones' claims because the mail fraud statute, 18 U.S.C. § 1341, does not carry with it an implied private right of action. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178–1179 (6th Cir.1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir.1977); *Creech v. Federal Land Bank*, 647 F.Supp. 1097, 1099 (D.Colo.1986); *Milburn v. Blackfrica Promotions, Inc.*, 392 F.Supp. 434, 435 (S.D.N.Y.1974).

Given the demise of Jones' federal claim and his federal jurisdiction difficulties, the court also declines to exercise jurisdiction

---

1. The court recognizes that Jones is a *pro se* litigant and accordingly holds his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

over his remaining state law claim. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, it is hereby ORDERED that:

(1) pursuant to Fed.R.Civ.P. 12(h)(3) plaintiff Harry B. Jones, Jr.'s complaint is DISMISSED WITH PREJUDICE for lack of federal subject matter jurisdiction;

(2) defendant Clearing House Digest's motion to transfer venue is MOOT; and

(3) all costs of this action are to be taxed against the plaintiff.