47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 W. Glen BOVARD, Jr.; Emily J. Bovard; Claude C. Williams,
Plaintiffs-Appellants,
v.
UNITED STATES POST OFFICE, United States Postal Service;
Marvin T. Runyon, Postmaster General; Katie
Lablue, Bob Malaby, Jerald W. Oard,
Individuals, Defendants-Appellees.
 No. 94-6360.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Glen Bovard, Jr., Emily Bovard, and Claude Williams raise two issues in this appeal of the district court's dismissal of their action against the United States Postal Service. First, the plaintiffs claim that the postmaster's decision to change the mail service at their place of business from morning delivery to afternoon delivery constitutes "unreasonable discrimination," in violation of 39 U.S.C. 403(c). Second, Mr. Williams asserts libel and slander claims against his former mail carrier, Jerald Oard. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 The facts of this case are undisputed. In July 1993, the Blackwell, Oklahoma postmaster, Katie LaBlue, changed the mail delivery service to the plaintiffs' business from morning delivery to afternoon delivery. The change was precipitated by past conflict between the plaintiffs and the morning mail carrier, Jerald Oard. By changing the delivery service, and thus the mail carrier, the postmaster hoped to avoid future confrontations. The plaintiffs contend that this change in service violates 39 U.S.C. 403(c), which provides that "the Postal Service shall not ... make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user." The plaintiffs' tort claim arose out of remarks made by Mr. Oard to a third party about Mr. Williams.
 
 
 4
 While the plaintiffs have alleged unreasonable discrimination, we believe their claim is more appropriately characterized as a complaint regarding their mail service. Accordingly, we look to 39 U.S.C. 3662, which provides in pertinent part, "[i]nterested parties who believe ... that they are not receiving postal service in accordance with the policies of this title may lodge a complaint with the Postal Rate Commission in such form and in such manner as it may prescribe." The language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal Rate Commission, and that Congress did not intend to create a private right of action for service complaints. See 39 U.S.C. 3628; see also S.Rep. No. 912, 91st Cong., 2d Sess. 2 (1970); S. Conf. Rep. No. 1363, 91st Cong., 2d Sess., reprinted in 1970 U.S.S.C.A.N. 3649, 3719; Shelby Resources, Inc. v. United States Postal Serv., 619 F.Supp. 1546, 1548-49 (S.D.N.Y.1985); Tedesco v. United States Postal Serv., 553 F.Supp. 1387, 1389-91 (W.D. Pa.1983). Accordingly, the district court was without jurisdiction to review this claim.
 
 
 5
 Were we to consider the merits of the plaintiffs' discrimination claim, we would reject it in any event. The postmaster's decision to change the time of the plaintiffs' mail delivery was a reasonable decision, rationally related to the effectuation of the Postal Service's statutory objectives of providing efficient delivery of the mails at a reasonable cost. See 39 U.S.C. 101; see also Ludewig v. Wolff, 492 F.Supp. 1048, 1049 (S.D. Tex.1980); Egger v. United States Postal Serv., 436 F.Supp. 138, 142 (W.D.Va.1977); Grover City v. United States Postal Serv., 391 F.Supp. 982, 986 (C.D. Cal.1975). Thus, the plaintiffs first claim would be dismissed for having failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 6
 In light of the numerous jurisdictional defects in the plaintiffs' second claim alleging slander and libel, the district court properly dismissed it for lack of jurisdiction.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470