# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3515

———————

Lance LeMay, on Behalf of Himself and $*$
All Others Similarly Situated, and on $*$
Behalf of the General Public, $*$
$*$
   Appellant, $*$   Appeal from the United States
$*$   District Court for the
 v. $*$   Western District of Arkansas.
$*$
United States Postal Service, $*$
$*$
   Appellee. $*$

———————

Submitted:  March 17, 2006
Filed:   June 16, 2006

———————

Before WOLLMAN and RILEY, Circuit Judges, and ROSENBAUM,[1] District Judge.

———————

ROSENBAUM, District Judge.

  Lance LeMay has filed a putative class action. The district court[2] dismissed for lack of subject matter jurisdiction. LeMay appeals; we affirm.

---

  [1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

  [2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

I. Background

LeMay, purportedly acting on his own behalf and on behalf of others similarly situated, claims the United States Postal Service ("Postal Service") entered into and breached a federal common law contract. According to Mr. LeMay, the Postal Service contracts with its patrons to provide preferred handling and expedited treatment of Priority Mail, but fails to do so. Mr. LeMay considers the Postal Service's heightened Priority Mail charges to be contractual consideration. He claims the Postal Service is in breach whenever it fails to provide the enhanced services. LeMay's proposed class definition is exquisite: he seeks to represent persons living in designated cities who used and paid for Priority Mail service, for items weighing up to 13 ounces, directed to four particular Postal Service Priority Mail Zones, on or after January 5, 2000. His proposed measure of class damages is the difference between the Priority Mail charges paid and the cost of First-Class Mail. The Postal Service moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12 (b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In analyzing the case, the district court initially found it had subject matter jurisdiction, pursuant to 39 U.S.C. § 409(a) of the Postal Reorganization Act ("PRA"), which gives federal district courts jurisdiction "over all actions brought by or against the Postal Service." Having made this determination, however, the district court ultimately concluded it lacked jurisdiction. It based this holding on 39 U.S.C. § 3662, a later PRA section, finding Congress gave exclusive jurisdiction over complaints concerning postal rates and services to the Postal Rate Commission ("PRC"). The court held that, in enacting the PRA, Congress did not intend to create a private right of action for such complaints. The court then concluded the proposed class members' claims were "more properly characterized as a complaint about the postal services they receive or the rates they are charged." As such, the complaint was dismissed for

lack of subject matter jurisdiction. LeMay v. United States Postal Service, No. 05-CV-4001, slip op. at 5-6 (W.D. Ark. Aug. 4, 2004).

LeMay appeals, claiming the district court erred in misconstruing his contract claim as a challenge to the Postal Service's rates and services. In the alternative, LeMay argues Congress did not enact section 3662 as an exclusive remedy.

II. Discussion

A district court's dismissal of a complaint for lack of subject matter jurisdiction is subject to de novo review. Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005). Subject matter jurisdiction refers to the court's power to decide a certain class of cases. Cont'l Cablevision of St. Paul, Inc. v. United States Postal Service, 945 F.2d 1434, 1437 (8th Cir. 1991). We may affirm the district court's dismissal on any basis supported by the record. In re K-tel Int'l Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2001) (internal quotations and citation omitted).

Congress enacted the PRA in 1970. In doing so, it created the modern Postal Service, and defined its susceptibility to private suit. It gave the Postal Service the power to "sue and be sued in its official name." 39 U.S.C. § 401. Congress also conferred upon federal district courts the power to hear cases by or against the Postal Service, saying "[e]xcept as provided in section 3628 of this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."[3] 39 U.S.C. § 409(a).

---

[3] The section 3628 exception is inapplicable here. The section relates to appellate review of decisions made by the PRC or its Governors – issues not before the Court.

While the PRA gave district courts broad jurisdiction over Postal Service matters, Congress did not give them "exclusive jurisdiction" over its disputes. The jurisdiction seemingly conferred by sections 401 and 409 may be preempted when another, "precisely drawn, detailed statute" places jurisdiction elsewhere. See Goodin v. United States Postal Inspection Service, 444 F.3d 998, 1001 (8th Cir. 2006) (quoting Brown v. Gen. Serv. Admin., 425 U.S. 820 (1976)).

In this case, Congress removed the district courts' jurisdiction over claims regarding postal rates and services. It did so by enacting 39 U.S.C. § 3662, which provides that:

> Interested parties who believe the Postal Service is charging rates which do not conform to the policies set out in this title or who believe that they are not receiving postal service in accordance with the policies of this title may lodge a complaint with the Postal Rate Commission in such form and in such manner as it may prescribe.

LeMay makes much of section 3662's use of "may" in addressing recourse to the Postal Rate Commission. He argues that by using the word "may," Congress intended application to the PRC to be permissive, opting against using the mandatory "shall." His argument is interesting, but ultimately unpersuasive. It fails because we are not analyzing statutes in general; our focus is on the PRA in specific.

Certainly, as a general rule of statutory construction, "may" is permissive, whereas "shall" is mandatory. Anderson v. Yungkau, 329 U.S. 482, 485 (1947); Braswell v. City of El Dorado, Ark., 187 F.3d 954, 958-59 (8th Cir. 1999). But this general rule does not close the inquiry. Courts will infer foreclosure of judicial review "where congressional intent to preclude judicial review is 'fairly discernible' in the detail of the particular legislative scheme." Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001) (quoting Block v. Cmty. Nutrition Inst., 467 U.S. 340, 349

-4-

(1984). Evidence of such congressional intent should be "drawn from the statutory scheme as a whole." Id. After undertaking a review of the PRA's legislative history, we hold the remedy provided by section 3662 is exclusive.

The PRA's legislative history shows that, in crafting the Act, Congress intended to minimize external intrusions on the Postal Service's managerial independence. Buchanan v. United States Postal Service, 508 F.2d 259, 262 (5th Cir. 1975). Congress intended to afford postal management the "unfettered authority and freedom that has been denied for years to maintain and operate an efficient service." Sen. Rep. No. 912, 91st Cong., 2d Sess. 2 (1970).

Congress gave meaning to this intention by placing within the Postal Service the means to redress a disaffected party's concerns about postal rates and services. Unhappy postal patrons were given recourse to the PRC. This is a specific grant of authority over a defined category of postal rate/postal service concerns. This specific designation is contrasted with the District Courts' otherwise general jurisdiction. Considering the differing treatment of the varying types of postal disputes, in light of Congress's stated purpose in enacting the PRA, it is "fairly discernable" that Congress intended to remove consideration of postal service complaints from the courts altogether. See Ismailov, 263 F.3d at 854-55.

We are not the first Court to consider this question. While new to the Eighth Circuit, this question has arisen in the Tenth Circuit. In an unpublished opinion, that Court reached the same conclusion, holding "[t]he language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal Rate Commission." Bovard v. United States Post Office, 47 F.3d 1178, 1995 WL

74678 (10th Cir.) (affirming the district court's dismissal for lack of subject matter jurisdiction).[4]

We, finally, consider whether the district court correctly construed LeMay's complaint as a claim of inadequate postal service. When deciding whether a matter is properly before it, a court must "look beyond the facial allegations of the complaint to determine the true nature of th[e] suit." Sellers v. Brown, 633 F.2d 106, 108 (8th Cir. 1980). LeMay's complaint is lavishly wrapped in contract clothing, but a court will not be dazzled by pretty wrappings. LeMay's alleges the Postal Service had a "contractual obligation to provide" priority services, (Compl. ¶ 15), and "[i]n direct contradiction to [its] promises, representations and terms and conditions, the Postal Service does not provide preferential handling or handling that results in any meaningful expedition of Priority Mail over that accorded the much less expensive First Class Mail." (Compl. ¶ 10.) These claims do not conclude our inquiry.

The words echo contract, but the issues are classic questions of postal rates and services. Were we to decide otherwise, every missed mail delivery could engender a contract dispute. LeMay cannot avoid the PRC's exclusive jurisdiction over commonplace service complaints through artful pleading.

---

[4]Other courts are in accord. See Shelby Resources v. United States Postal Service, 619 F. Supp. 1546, 1549 (S.D.N.Y. 1985) (sections 3662 and 3628 "provide the sole remedy for a user of postal services who is not receiving adequate service."); Azzolina v. United States Postal Service, 602 F. Supp. 859, 864 (D.N.J. 1985) ("plaintiff does not have a private right of action to bring service-related complaints in federal district court"); Tedesco v. United States Postal Service, 553 F. Supp. 1387, 1389 (W.D. Penn. 1983) ("a close reading of the [PRA] strongly suggests that Congress intended that complaints regarding postal service be resolved outside of court"); Martin v. Sloan, 432 F. Supp. 616, 618 (W.D.N.C. 1977) (postal patrons are remitted to the complaint procedure established in section 3662).

III. Conclusion

We find the district court, while having initial jurisdiction over this case, as filed, properly construed the claims, as pled. After correctly perceiving the matter was a common dispute over rates and services, the district court rightly determined Congress had placed authority over such matters in the Postal Rate Commission, at which point the district court was divested of its jurisdiction.

Perceiving no error, we affirm the judgment of the district court.

_____