# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3697

_____

Darrin C. Savage,       *

               *

         Appellant,       *

               *

      v.            *   Appeal from the United States
               *   District Court for the
Dennis D. Fastnacht, doing business   *   Western District of Missouri.
as DDF Rental Property,         *
               *   [UNPUBLISHED]
         Appellee.        *

_____

Submitted: February 13, 2009
Filed: February 24, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Darrin Savage appeals the district court's[1] dismissal--for lack of subject matter jurisdiction--of his complaint against Dennis Fastnacht and the court's dismissal of his motion to amend his complaint.

Upon de novo review of the district court's dismissal for lack of subject matter jurisdiction, see LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006), we

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

conclude that the district court correctly held that Savage had not met his burden to establish (1) diversity jurisdiction, see 28 U.S.C. § 1332(a) (diversity requirements); OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (complete diversity rule); Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) (plaintiff has burden to establish subject matter jurisdiction); or (2) federal question jurisdiction, even under a liberal construction of the complaint, see 28 U.S.C. § 1331 (federal question jurisdiction); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be construed liberally, but they still must allege sufficient facts to support claims advanced).

We further conclude that the district court did not abuse its discretion in declining to allow Savage to amend his complaint, because the amendments he proposed would have been futile. See Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (leave to amend should be denied for, inter alia, futility of amendment; denial of leave to amend complaint reviewed for abuse of discretion).

Accordingly, we affirm. See 8th Cir. R. 47B. Savage's pending motions are denied.

_____