# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3099

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Mary M. Moriarty, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 24, 2010
Filed: April 6, 2010

_____

Before RILEY,[1] Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mary Moriarty appeals the district court's[2] adverse judgment in this action by the United States to recover on her defaulted student loans, which were executed pursuant to the Higher Education Act (HEA). The district court granted summary judgment in favor of the government on its claims, and dismissed Moriarty's

---

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

counterclaims for lack of jurisdiction and noncompliance with the Federal Tort Claims Act (FTCA).

As a preliminary matter, we grant the government's motion to strike one of Moriarty's exhibits on appeal, because it was not part of the record in the district court. See Huelsman v. Civic Ctr. Corp., 873 F.2d 1171, 1175 (8th Cir. 1989) (appellate court can properly consider only record and facts before district court; only papers and exhibits filed in district court can constitute record on appeal).

Turning to the merits, we hold that summary judgment was properly granted on the government's claims. See Hartnagel v. Norman, 953 F.2d 394, 395-96 (8th Cir. 1992) (when moving party has carried its burden under Rule 56(c), opponent must do more than simply show there is some "metaphysical doubt" as to material facts; where record as whole could not lead rational trier of fact to find for nonmoving party, there is no genuine issue for trial); see also Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1152 (8th Cir. 2007) (de novo review of summary judgment decision).

We further hold that Moriarty's counterclaims were properly dismissed. See Labickas v. Ark. State Univ., 78 F.3d 333, 334 (8th Cir. 1996) (per curiam) (no private cause of action for student borrowers under HEA); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) (before filing FTCA action, claimant must present administrative claim requesting sum certain in damages to appropriate federal agency and that claim must be finally denied); see also Lemay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006) (de novo review of dismissal).

Accordingly, we grant the pending motion and affirm. See 8th Cir. R. 47B.

_____