# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3016

_____

| | | |
|---|---|---|
| Karen J. Anthony, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| The Cattle National Bank & | * | [PUBLISHED] |
| Trust Co., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 2, 2012
Filed: July 12, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Nebraska citizen Karen Anthony appeals from the district court's[1] dismissal, for lack of subject matter jurisdiction, of her action against The Cattle National Bank & Trust Company (the Bank), a national bank headquartered in Nebraska. Following de novo review *see LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006), this court affirms.

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

Anthony alleged that the Bank committed fraud in connection with a secured loan that it had made to her by lending its own assets or those of its depositors, and by using improper accounting practices. She asserted subject matter jurisdiction under 12 U.S.C. §§ 24(4), 1831n(a)(2)(A), and 28 U.S.C. § 1331. Upon the Bank's motion, the district court dismissed the complaint without prejudice for lack of subject matter jurisdiction, concluding that (1) there was no diversity jurisdiction, and (2) federal-question jurisdiction did not exist, because section 24(4) was not an independent jurisdictional grant to federal courts over national banks, and section 1831n(a)(2)(A) did not create a private right of action. Anthony appeals.

This court agrees with the district court that diversity jurisdiction does not exist, *see* 28 U.S.C. § 1332(a); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (diversity jurisdiction requires complete diversity among litigants); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006) (national bank is citizen of state in which its main office is located), and that section 24(4) cannot serve as a basis for federal-question jurisdiction, *id.* at 309-11 (§ 24(4) does not allow national banks to be sued in federal court without regard to normal subject matter jurisdiction rules).

Further, having reviewed the language and structure of section 1831n, this court determines that section 1831n does not create a private right of action. *See Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (touchstone for determining whether statute confers private right of action is congressional intent). Section 1831n states that its objectives are to yield financial reporting that accurately reflects the capital of insured depository institutions, and to facilitate effective supervision of the institutions and prompt corrective action at the least cost to the Deposit Insurance Fund. *See* 12 U.S.C. § 1831n(a)(1). With respect to reports filed with Federal banking agencies, the statute requires depository institutions to use accounting principles which are uniform and consistent with generally accepted accounting principles (GAAP), unless a different accounting principle – no less stringent than GAAP – is prescribed by the appropriate federal agency. *See* 12 U.S.C. § 1831n(a)(2). Federal banking agencies,

-2-

in turn, must use uniform accounting standards in determining whether the depository institutions are complying with statutory or regulatory requirements. *See* 12 U.S.C. § 1831n(b). The agencies must jointly prepare an annual report, for submission to the House of Representatives and the Senate, that describes any differences among agencies in the type of accounting or capital standards used. *See* 12 U.S.C. § 1831n(c). This court finds nothing in the text of section 1831n, its structure, or its history to suggest that Congress intended to create a private right of action. *See Frison*, 339 F.3d at 999 (where text and structure of statute provides no indication that Congress intends to create new individual rights, there is no basis for private suit under 42 U.S.C. § 1983 or under implied right of action) (citations omitted). Further, the statute does not create a statutory remedy for violations of section 1831n. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-85 (2002) (for implied-right-of-action cases, underlying statute must create remedy). Rather, the statute creates rights and obligations among depository institutions, federal banking agencies, and Congress.

Anthony's remaining arguments are meritless or improperly raised for the first time on appeal. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2001) (stating general rule that claims not presented in district court may not be advanced for first time on appeal).

This court affirms the judgment of the district court.

_____