**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**December 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

PAUL HUGGINS,

    Plaintiff - Appellant,

v.

UNITED STATES POSTAL SERVICE,

    Defendant - Appellee.

No. 22-1074
(D.C. No. 1:21-CV-02708-RMR)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

Paul Huggins filed a pro se lawsuit against the United States Postal Service in

Colorado state court because the Postal Service had allegedly "inhibited the right of

any persons to receive[] any information that they wished to receive." R. at 21. This

allegation had something to do with "signature green cards," _id._, presumably

referring to certified mail receipts.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Postal Service removed the lawsuit to federal district court.  Its notice of removal said that Huggins was complaining about the Postal Service's failure to return certified mail receipts to him.[1]  The Postal Service then moved to dismiss, arguing that the sort of complaint at issue must be brought before the Postal Regulatory Commission ("Commission").  In support, the Postal Service cited 39 U.S.C. § 3662(a), which reads as follows:

> Any interested person (including an officer of the Postal Regulatory Commission representing the interests of the general public) who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions) may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe.

In an unpublished decision, we held that an earlier version of this provision means "a postal customer's remedy for unsatisfactory service lies with the Postal Rate Commission,[2] and . . . Congress did not intend to create a private right of action for service complaints."  *Bovard v. U.S. Post Off.*, No. 94-6360, 1995 WL 74678, at *1 (10th Cir. Feb. 24, 1995) (construing 39 U.S.C. § 3662 (1994)).  Relying

---

[1] We do not know how the Postal Service discerned this meaning.  The sentence at issue is incomprehensible: "Each exhibits of the evidence proof of each mail items that of each return signs signature green cards."  R. at 21.  On appeal, however, Huggins validates the Postal Service's interpretation.  *See* Aplt. Opening Br. at 3 (accusing the Postal Service of "fail[ing] to return certain signature card of green card").

[2] Congress replaced the Postal Rate Commission with the Postal Regulatory Commission in 2006.  *See* Postal Accountability and Enhancement Act, Pub. L. No. 109-435, §§ 601, 604, 120 Stat. 3198 (2006).

on *Bovard*, the district court held that the Commission has exclusive jurisdiction over the type of complaint in question, and accordingly granted the Postal Service's motion to dismiss. Huggins timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of jurisdiction. *See, e.g.*, *Harms v. IRS*, 321 F.3d 1001, 1007 (10th Cir. 2003).

It is not clear that our *Bovard* decision still has persuasive value, given that § 3662 has been significantly amended since then.[3] What is clear, however, is that Huggins's appellate brief fails to attack the district court's reliance on *Bovard*, so we need not discuss this matter further. *See, e.g.*, *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) ("[W]e affirm the district court's dismissal . . . because Nixon's opening brief contains nary a word to challenge the basis of the dismissal . . . .").

Huggins instead seems to focus on the fact that his case was removed from state court. If he means to argue that removal was improper, he does not explain why. Still, this court "must satisfy itself not only of its own jurisdiction, but also of that of the [district court]." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). The

---

[3] The version of the statute at issue in *Bovard* encompassed essentially any service-related claim one could bring against the Postal Service. *See* 39 U.S.C. § 3662 (1994) ("Interested parties . . . who believe that they are not receiving postal service in accordance with the policies of this title [*i.e.*, Title 39, governing the Postal Service] may lodge a complaint with the Postal Rate Commission . . . ."). The current version, by contrast, applies to complaints that "the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter [*i.e.*, chapter 36 of Title 39] (or regulations promulgated under any of those provisions)." 39 U.S.C. § 3662(a).

3

Postal Service has a statutory right to remove, so we see no issue with the district court accepting removal jurisdiction. *See* 39 U.S.C. § 409(a) ("Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28 [*i.e.*, 28 U.S.C. §§ 1441–55].").

Because the district court's removal jurisdiction was proper, and because Huggins fails to explain why the district court was wrong to conclude that he must file his complaint before the Commission, we affirm. We grant his motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Allison H. Eid
Circuit Judge