**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES L. WHITE,

    Plaintiff - Appellant,

v.

UNITED STATES POST OFFICE,

    Defendant - Appellee.

No. 23-1239
(D.C. No. 1:22-CV-01248-CNS-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

James L. White appeals the dismissal of his pro se action against the United States Postal Service under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's merits dismissal and remand with instructions to dismiss the action for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

White asserted four claims alleging that Postal Service employees rendered poor customer service because of discrimination. Claim one alleged he is a Black man who went to the post office "to start a new 30 day hold" on his mail. R. at 31. He waited in line behind a white woman who had no problems with the white postal clerk, but when it was White's turn, the postal clerk "gave [him] an unfavorable look[,] slammed the window[,] and came back with a" Black postal clerk "so it wouldn't look like discrimination." *Id.* The Black clerk falsely told him they could not hold his mail, making him feel disrespected and treated differently because of his race. Claims two, three, and four similarly attributed poor customer service to discrimination after White did not receive his mail and postal employees entered incorrect information into the system for holding his mail. All four claims asserted violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a to 2000a-6.

The district court adopted a magistrate judge's recommendation to dismiss claims two, three, and four for failure to comply with Federal Rule of Civil Procedure 8.[1] The Postal Service then moved to dismiss claim one under Rule 12(b)(6), arguing that Title II prohibits discrimination in any "place of public accommodation" under the statutory definition, which does not include post offices. 42 U.S.C. § 2000a(b). The magistrate judge agreed and recommended dismissal. The district court adopted the recommendation and dismissed the case. White appealed.

---

[1] White does not challenge this ruling.

II

Our analysis begins and ends with a jurisdictional defect.  Although the district court did not address the jurisdictional question, we have an independent obligation to examine subject matter jurisdiction.  *Garling v. U.S. Env't Prot. Agency*, 849 F.3d 1289, 1293 (10th Cir. 2017).  Indeed, "on every appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes."  *In re Lang*, 414 F.3d 1191, 1195 (10th Cir. 2005) (brackets, ellipsis, italics, and internal quotation marks omitted).  We have jurisdiction to review the district court's Rule 12(b)(6) dismissal.  *See, e.g.*, *Garling*, 849 F.3d at 1292 (exercising appellate jurisdiction over a Rule 12(b)(6) dismissal and remanding to dismiss for lack of subject matter jurisdiction).  The Postal Service contends, however, that the district court lacked jurisdiction because the Postal Regulatory Commission has exclusive jurisdiction over mail service complaints like White's.  We review de novo whether subject matter jurisdiction was proper.  *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

Under 39 U.S.C. § 3662(a), the Postal Regulatory Commission has exclusive jurisdiction over claims regarding postal rates and services.  *See LeMay v. United States Postal Serv.*, 450 F.3d 797, 799-800 (8th Cir. 2006); *McDermott v. Potter*, No. C09-0776RSL, 2009 WL 2971585, at *3 (W.D. Wash. Sept. 11, 2009), *aff'd sub nom.*, *McDermott v. Donahue*, 408 F. App'x 51 (9th Cir. 2011) (unpublished).  The statute provides:  "Any interested person . . . who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections

3

101(d), 401(2), 403(c), 404a, or 601, or this chapter . . . may lodge a complaint with the Postal Regulatory Commission . . . ." 39 U.S.C. § 3662(a). In turn, § 403(c) states that "[i]n providing services . . . , the Postal Service shall not . . . make any undue or unreasonable discrimination among users of the mail, nor shall it grant any undue or unreasonable preferences to any such user." Appellate review of decisions rendered by the Postal Regulatory Commission lies in the United States Court of Appeals for the District of Columbia. *Id.* § 3663. And district courts have jurisdiction to enforce, enjoin, and restrain the Postal Service from violating orders issued by the Postal Regulatory Commission. *Id.* § 3664. Under this statutory scheme, the district courts lack jurisdiction to consider service-related complaints against the Postal Service in the first instance. *Rodriguez v. Hemit*, No. C16-778 RAJ, 2018 WL 3618260, at *2 (W.D. Wash. July 30, 2018) (unpublished).

The question, then, is whether White's claim is properly characterized as a service-related complaint that falls within the scope of § 3662(a). In discerning the nature of his claim, we evaluate the substance of his allegations, not the labels attached to them. *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). White alleged the Postal Service clerks refused to hold his mail. He asserted one clerk gave him a bad look, slammed the window closed, and returned with another clerk who falsely told him they could not hold his mail. He averred that the white customer in line before him faced no such difficulty, so he attributed the poor service to discrimination. However, White's allegations in substance describe a customer service complaint for the refusal to hold his mail. Indeed, "[c]omplaints about how

4

the Postal Service holds and delivers mail are inherently mail service claims [that fall under § 3662(a)]." *Ssebanakitta v. Raymond*, No. 20-1167-EFM-GEB, 2020 WL 6798819, at *2 (D. Kan. Nov. 19, 2020), *aff'd*, 845 F. App'x 797, 798 (10th Cir. 2021) (unpublished). Although White attributed the poor service he received to discriminatory animus—alleging the postal clerks slammed the window closed and refused to hold his mail—his allegations place his claim squarely within the parameters of § 403(c) and § 3662(a). *See Murphy v. United States Postal Serv.*, No. C 14-02156 SI, 2014 WL 4437731, at *3-4 (N.D. Cal. Sept. 9, 2014) (unpublished) (holding that, because § 3662 requires service-related claims to be filed with the Postal Regulatory Commission, the district court lacked jurisdiction over plaintiff's claim "that defendant unlawfully discriminated among postal customers when a Postal Service clerk closed a service window and did not return while plaintiff attempted to obtain service"). The exclusive remedy for such claims lies with the Postal Regulatory Commission, and thus the district court lacked jurisdiction to consider the merits of the claim.

We reached a similar conclusion in *Bovard v. United States Post Office*, No. 94-6360, 1995 WL 74678 (10th Cir. Feb. 24, 1995) (unpublished). In *Bovard*, the plaintiffs alleged they were subjected to unreasonable discrimination in violation of § 403(c) because the postmaster changed the morning mail delivery service to afternoon delivery. *Id.* at *1. We held that, "[w]hile the plaintiffs have alleged unreasonable discrimination, . . . their claim [was] more appropriately characterized as a complaint regarding their mail service." *Id.* We further noted that "[t]he

language of § 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal [Regulatory] Commission, and that Congress did not intend to create a private right of action for service complaints." *Id.* We therefore concluded that the district court lacked jurisdiction to consider the claim. *Id.*

The Eighth Circuit followed a similar approach in *LeMay*. Citing our decision in *Bovard*, the Eighth Circuit held the Postal Regulatory Commission has exclusive jurisdiction over mail service complaints. *See LeMay*, 450 F.3d at 800. The court thus examined what was ostensibly a contract claim and determined the allegations that "the Postal Service had a contractual obligation to provide priority services" "echo[ed] contract, but the issues [were] classic questions of postal rates and services." *Id.* at 800-01 (internal quotation marks omitted). Hence, the court concluded that the district court lacked jurisdiction to consider the claim, which should have been brought before the Postal Regulatory Commission. *Id.* at 801; *accord Foster v. Pitney Bowes Corp.*, 549 F. App'x 982, 986 (Fed. Cir. 2013) (unpublished) (affirming dismissal of § 404a claim because § 3662(a) conferred exclusive jurisdiction over such claims to the Postal Regulatory Commission, with appellate review in the D.C. Circuit under § 3663).

These cases confirm our conclusion: White's allegations present a mail service complaint that falls under the exclusive jurisdiction of the Postal Regulatory

Commission.  Therefore, the action should have been dismissed for lack of jurisdiction.[2]

III

Accordingly, the district court's judgment is vacated, and this case is remanded to the district court with instructions to dismiss the action for lack of jurisdiction.  White's motion to proceed on appeal without prepayment of costs and fees is granted.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[2] We note, however, that 39 U.S.C. § 3662(a) would have no relevance to a non-service related discrimination claim.  Moreover, dismissal of White's claim in this case does not necessarily preclude him from voicing his concerns about alleged discrimination in an appropriate forum.  For example, the magistrate judge observed—and the district court reiterated—that in addition to submitting a complaint to the Postal Regulatory Commission, White could contact "the Postal Service's district consumer affairs office[,] . . . the headquarters Consumer Advocate office[,] [or] [the] Office of the Inspector General . . . ."  R. at 82.