**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3142
_____

CLYDE PONTEFRACT,

                                    Appellant

v.

FEDERAL BUREAU OF PRISONS;
UNITED STATES POST OFFICE;
UNITED STATES POST OFFICE, Supervisor, Fort Dix;
WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-02569)
District Judge: Honorable Karen M. Williams
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 28, 2024

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed:  December 10, 2024)
_____

_____

OPINION*
_____

PER CURIAM

Pro se appellant Clyde Pontefract appeals from the District Court's dismissal of his complaint without prejudice. We will affirm the District Court's judgment.

I.

Pontefract is a federal prisoner at FCI Fort Dix in New Jersey. He sued the Federal Bureau of Prisons (BOP), the warden of Fort Dix, and the supervisor of the Fort Dix post office, alleging that the defendants mishandled five of his mailings between October 2021 and August 2022:

First, in October 2021, Pontefract received time-sensitive legal mail from the Fifth Circuit Court of Appeals that was processed as regular mail rather than incoming legal mail. Second, in November and December 2021, copies of a time-sensitive motion that Pontefract wanted to file in the Fifth Circuit Court of Appeals were returned twice due to insufficient postage. Third, in March 2022, Pontefract mailed a Flat Rate Box to a paralegal service that contained Pontefract's legal work, but the paralegal service never received the box. Fourth, on an unspecified date, Pontefract received a report that he ordered from the paralegal service that was missing 78 pages; he reordered the report and received the complete report. Finally, in May 2022, Pontefract sent a Flat Rate Envelope to the paralegal

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

service that contained his military records, and the paralegal service did not receive the envelope until August 2022.

Pontefract alleged that these mailing issues violated his First Amendment right of access to the courts, the Administrative Procedure Act (APA), and various statutes and regulations governing the transmission of mail and the BOP's handling of prisoners' mail.[1] He requested declaratory and injunctive relief and reimbursement of his filing fees.

The District Court conducted a screening pursuant to 28 U.S.C. § 1915A, and it sua sponte dismissed Pontefract's complaint without prejudice, finding that he did not plausibly allege a claim under either the APA or 42 U.S.C. § 1983. Pontefract appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291,[2] and we exercise plenary review over the District Court's dismissal of Pontefract's complaint under § 1915A. *See Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Generally, a claim should survive dismissal if it is "facially plausible," which means that it contains sufficient factual allegations that, if accepted as true, allow the court to reasonably infer that the defendants are liable for the misconduct alleged. *See Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022). We may affirm

---

[1] Specifically, Pontefract alleged that the "Post Office at Fort Dix" violated 39 U.S.C. § 101(e) and § 401(2).

[2] Generally, an order is not yet appealable if it dismisses a complaint without prejudice, because the plaintiff may correct the deficiency. *See Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). But here, we will exercise jurisdiction because it appears from the record that Pontefract chose to stand on his complaint by appealing rather than filing an amended complaint. *See Frederico v. Home Depot*, 507 F.3d 188, 190–93 (3d Cir. 2007).

the District Court's judgment on any basis supported by the record. *See Hildebrand v. Allegheny County*, 757 F.3d 99, 104 (3d Cir. 2014).

### III.

Pontefract argues first that because he paid his full filing fee, the District Court should not have screened his complaint pursuant to § 1915A. Pontefract is an incarcerated person who filed a civil action seeking redress from government entities. Thus, the plain language of § 1915A required the District Court to screen his complaint "as soon as practicable" and dismiss any portion of the complaint that was "frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(a), (b)(1). The District Court must conduct a § 1915A screening regardless of whether the plaintiff is proceeding in forma pauperis. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

### IV.

Pontefract challenges the District Court's dismissal of his APA claims against the BOP and employees of the BOP and United States Postal Service (USPS). Pontefract's complaint alleged that the defendants violated various USPS regulations and BOP program statements governing the processing of federal prisoners' mail, and that federal courts have jurisdiction over those claims under the APA. The District Court rejected Pontefract's APA claims in part because it concluded that there was no "final agency action at issue." *See* ECF No. 10 at 4. On appeal, Pontefract asserts that he *did* allege that there were final agency actions concerning both the BOP and USPS defendants. We address his claims against each agency in turn.

4

First, the District Court correctly determined that Pontefract did not adequately allege an APA claim against the BOP. Pontefract alleged that he filed a grievance about only the insufficient-postage issue, that he appealed the denial of that grievance to the regional director and then the "Administrator" at the BOP's "Central Office," and that he "received [a] final action from the [BOP's] Central Office."[3] Even if these statements sufficiently allege administrative exhaustion, they did not provide enough information for the District Court to determine whether it had any basis under the APA to exercise judicial review over the BOP's final response. *See* 5 U.S.C. § 706(2) (outlining grounds for judicial review of agency actions). Only one basis for judicial review might apply here: the court's ability to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[4] Without further context—specifically, the reasoning that the BOP's final decisionmaker provided for its rejection of Pontefract's appeal and some plausible explanation of why that decision was "arbitrary or capricious" or contrary to law[5]—the District Court was unable

---

[3] *See* ECF No. 1 at ¶¶ 35–41 (alleging grievance process for insufficient-postage issue); *id.* at ¶¶ 50–51, 55–56, 61, 63 (conceding that no grievances about the four other alleged mail issues reached a final BOP decisionmaker); ECF No. 1-1 at 12–15 (attaching some grievance and administrative appeal documents regarding insufficient-postage issue).

[4] For reasons addressed below, Pontefract did not plausibly allege that the BOP acted contrary to his constitutional rights. *Cf.* 5 U.S.C. § 706(2)(B). Pontefract did not claim that the BOP acted "in excess of" its statutory authority or that it failed to observe procedural requirements. *Cf.* 5 U.S.C. § 706(2)(C)–(E).

[5] Pontefract did not explain why the BOP's decision not to redress Pontefract's insufficient-postage issue was "not in accordance with law." BOP regulations state that "postage charges are the responsibility of the inmate," except in narrow circumstances that would not have applied to Pontefract's allegations. 28 C.F.R. § 540.21. Pontefract's complaint

5

to review the alleged final agency action. Under these circumstances, it was appropriate for the District Court to dismiss such a vaguely pleaded APA claim against the BOP.

Second, it is unnecessary to consider whether Pontefract identified a "final" agency decision (or failure to act) of the USPS, because Pontefract cannot bring his claims that USPS agents have failed to comply with USPS regulations under the APA.[6] His claims against USPS agents solely challenge the quality and efficiency of the postal services provided to him. *See* ECF No. 1 at ¶¶ 79–85 (citing 39 U.S.C. §§ 101(d)–(e) & 401(2)). Jurisdiction to hear such claims lies exclusively with the Postal Regulatory Commission (PRC), with review by the D.C. Circuit. *See LeMay v USPS*, 450 F.3d 797, 799–800 (8th Cir. 2006).

## V.

Finally, we need not decide whether Pontefract can bring his access-to-courts claims under *Bivens*[7] or some other means, because even if he could, he has not stated a plausible claim. A prisoner's First Amendment right of access to courts requires only that he be

---

did not identify any other regulation or statute that would have required the BOP to resolve an insufficient-postage issue. To the extent that Pontefract cited BOP program statements regarding prison mail, those program statements alone "do not create entitlements enforceable under the APA." *See Robinson v. Sherrod*, 631 F.3d 839, 841–42 (7th Cir. 2011).

[6] The judicial review provisions of the APA, 5 U.S.C. §§ 701 to 706, generally do not apply to the USPS's exercise of its powers, absent narrow exceptions that do not apply here. *See* 39 U.S.C. § 410(a); *Sears, Roebuck & Co. v. USPS*, 844 F.3d 260, 265 (D.C. Cir. 2016).

[7] *See Egbert v. Boule*, 596 U.S. 482, 498–99 (2022) (holding that there is no *Bivens* claim for federal officials' alleged retaliation against a plaintiff's exercise of his First Amendment rights, and observing that the Supreme Court has "never held that *Bivens* extends to First Amendment claims" (quoting *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012))).

provided the tools he needs to attack his sentence and challenge conditions of his confinement—these protections do not extend to the impairment of any other types of litigation. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996). A prisoner plausibly alleges that the defendants inhibited his ability to present a past legal claim by showing that (1) he "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" that challenged either his criminal sentence or the conditions of his confinement; and (2) there is no other available remedy than in the denial-of-access suit. *See Rivera v. Monko*, 37 F.4th 909, 915 (3d Cir. 2022); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 349. "The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

Here, three of the five alleged mail issues could not have constituted an access-to-courts issue, because they did not foreclose Pontefract from making any arguable, nonfrivolous claim challenging his sentence or prison conditions.[8] We presume that the remaining two mail issues were directly related to his efforts to challenge his federal criminal sentence in the Fifth Circuit. Even if Pontefract had been able to timely submit his proposed motion

---

[8] First, the box of legal documents that the paralegal service never received was transmitted simply for "safekeeping," and Pontefract did not allege that these documents were related to any active litigation or that they were the only copies of the documents. Second, the report that Pontefract received with 78 pages missing was replaced with a full report, and Pontefract did not claim that this caused him to forfeit his ability to bring any claims based on the report. Third, Pontefract's documents about military service that arrived at the paralegal service 3 months after they were mailed were not alleged to be relevant to any legal action. Perhaps these were related to some prospective sentencing motion, but there was no arguable, nonfrivolous sentencing claim based on Pontefract's sentencing in 2012 that could have been raised only from May 2022 to August 2022.

for reconsideration to the Fifth Circuit, that motion would not have persuaded the Fifth Circuit to reverse its denial of Pontefract's request to raise yet another collateral attack on his 2010 guilty plea and 2012 sentence.

## VI.

Because Pontefract presents no meritorious issues on appeal, we will affirm the District Court's judgment.