# United States Court of Appeals for the Federal Circuit

2008-1140


EXCELSTOR TECHNOLOGY, INC., EXCELSTOR TECHNOLOGY LIMITED, EXCELSTOR GROUP LIMITED, EXCELSTOR GREAT WALL TECHNOLOGY LIMITED, and SHENZHEN EXCELSTOR TECHNOLOGY LIMITED,

Plaintiffs-Appellants,

v.


PAPST LICENSING GMBH & CO. KG,

Defendant-Appellee.


Nhan T. Vu, Willenken Wilson Loh & Lieb, LLP, of Los Angeles, California, argued for plaintiffs-appellants. With him on the brief was Jason H. Wilson.

Leonard Friedman, Welsh & Katz, Ltd., of Chicago, Illinois, argued for defendant-appellee. With him on the brief were Jerold B. Schnayer and Philip D. Segrest, Jr.

Appealed from: United States District Court for the Northern District of Illinois

Judge Samuel Der-Yeghiayan

# United States Court of Appeals for the Federal Circuit

2008-1140

EXCELSTOR TECHNOLOGY, INC., EXCELSTOR TECHNOLOGY LIMITED,
EXCELSTOR GROUP LIMITED, EXCELSTOR GREAT WALL TECHNOLOGY
LIMITED, and SHENZHEN EXCELSTOR TECHNOLOGY LIMITED,

Plaintiffs-Appellants,

v.

PAPST LICENSING GMBH & CO. KG,

Defendant-Appellee.

Appeal from the United States District Court for the Northern District of Illinois in Case
No. 07-CV-2467, Judge Samuel Der-Yeghiayan.

_____

DECIDED:  September 16, 2008

_____

Before MAYER, LOURIE, and SCHALL, <u>Circuit Judges</u>.

LOURIE, <u>Circuit Judge</u>.

ExcelStor Technology, Inc., ExcelStor Technology, Ltd., ExcelStor Group Ltd., ExcelStor Great Wall Technology Ltd., and Shenzhen ExcelStor Technology Ltd. (collectively "ExcelStor" or "appellants") appeal from the decision of the U.S. District Court for the Northern District of Illinois granting Papst Licensing GMBH & Co. KG's motion to dismiss.  <u>ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co. KG</u>, No. 07-C2467, 2007 U.S. Dist. LEXIS 79305 (N.D. Ill. Oct. 24, 2007).  Because the district court

correctly concluded that it lacked subject matter jurisdiction over ExcelStor's claims, we affirm.

## BACKGROUND

In January 2004, ExcelStor, a manufacturer of computer products, entered into a licensing agreement with Papst Licensing GMBH & Co. KG ("Papst"). In that agreement, Papst permitted ExcelStor to manufacture patented hard disk drives in exchange for royalty payments. The agreement also required Papst, on a quarterly basis, to notify ExcelStor of the existence of any other royalty-bearing licenses for the patented hard disk drives. ExcelStor alleges that Papst sent numerous notice letters over a period of nearly three years indicating that no royalties were being paid, other than those paid by ExcelStor.

At some point in 2006 or 2007, ExcelStor became aware of a license agreement between Papst and Hitachi Corporation (the "Hitachi agreement"). After learning of the Hitachi agreement, representatives from ExcelStor became concerned about the potential terms in that agreement and sought to obtain copies of the agreement, which was confidential. Papst allegedly assured ExcelStor that Hitachi was not paying royalties, and that the Hitachi agreement had been entered into after the formation of the ExcelStor agreement. Papst also continued to send notice letters to ExcelStor reporting no royalty payments from third parties on the hard disk drives.

According to ExcelStor, Papst's representations and the notice letters were fraudulent. ExcelStor claims that Papst had entered into the Hitachi agreement prior to entering into its agreement with ExcelStor. It further alleges that the Hitachi agreement involved royalty payments for the hard disk drives that ExcelStor was manufacturing.

Accordingly, ExcelStor brought an action, claiming fraud and breach of contract, in the U.S. District Court for the Northern District of Illinois. Papst filed a motion to dismiss for lack of subject matter jurisdiction. ExcelStor responded by filing an amended complaint that included numerous references and citations to federal patent law, as will be described further below. ExcelStor's amended complaint contained four claims for relief, three of which are at issue on appeal. The first claim (Count I) requested a declaratory judgment that Papst had violated the "Patent Exhaustion/First Sale doctrine" by collecting two royalties from the sale of the same patented hard disk drives. Appellants' Am. Compl. at 3. The third claim (Count III) was a fraud claim arising from Papst's alleged failure to disclose its violation of the Patent Exhaustion/First Sale Doctrine. Id. at 4. The fourth claim (Count IV) was a breach of contract claim regarding Papst's alleged failure to notify ExcelStor of its violation of the patent exhaustion/first sale doctrine. Id.

The district court dismissed ExcelStor's complaint for lack of subject matter jurisdiction. As to Count I of the complaint, the court held that since Patent Exhaustion was a defense to patent infringement and not, as ExcelStor believed, a cause of action sufficient to grant the relief sought, the mere citation of federal patent law was insufficient to confer federal jurisdiction over the case. The court then found that Count III and Count IV were not based on federal patent law and therefore that ExcelStor was not entitled to proceed in federal court.

ExcelStor timely appealed the district court's judgment.

DISCUSSION

We review a dismissal for lack of subject matter jurisdiction without deference. Mars, Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1371 (Fed. Cir. 1994). Where, as here, appellants do not claim diversity of citizenship, there must be federal question jurisdiction. See 28 U.S.C. §§ 1331, 1332, 1338 (2000) (providing district courts with subject matter jurisdiction over diversity and federal question cases generally, and patent cases specifically). ExcelStor asserts that jurisdiction is proper under 28 U.S.C. § 1338, which provides district courts with exclusive federal jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a).

In Christianson v. Colt Industries Operating Corp., 486 U.S. 800 (2005), the United States Supreme Court set forth a two-part test for determining whether federal courts have exclusive jurisdiction over a case pursuant to 28 U.S.C. § 1338(a). The Court held that § 1338 jurisdiction extends to any case "in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson, 486 U.S. at 809. In analyzing whether patent law is a necessary element of ExcelStor's claims, we are limited to an analysis of ExcelStor's well-pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "arising under" jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which

it is thought the defendant may interpose." Christianson, 486 U.S. at 809 (citations omitted). A claim does not arise under the patent laws if a patent issue appears only in a defense to that claim. Thompson v. Microsoft Corp., 471 F.3d 1288, 1292 (Fed. Cir. 2006) (quoting Christianson, 486 U.S. at 809).

On appeal, ExcelStor argues that the three causes of action at issue arise under federal patent law. ExcelStor claims that Counts I, III, and IV arise under the patent exhaustion doctrine of patent law, and are therefore within the jurisdiction of the federal courts.

We disagree. ExcelStor's claims fail to meet either prong of the Christianson test. First, patent law does not create the cause of action in this case. In arguing that it does, ExcelStor's appeal fundamentally misunderstands the nature of the patent exhaustion doctrine. As the district court held, patent exhaustion is a defense to patent infringement, not a cause of action. See, e.g., Monsanto Co. v. Scruggs, 459 F.3d 1328, 1332-36 (Fed. Cir. 2006) (referring to exhaustion as an affirmative defense). Thus, ExcelStor's claims, which merely invoke defenses to hypothetical claims of patent infringement, do not "arise under" the patent laws. Christianson, 486 U.S. at 809 ("[A] case raising a federal patent law defense does not, for that reason alone, 'arise under' patent law . . .").

Furthermore, ExcelStor's claims do not establish federal subject matter jurisdiction because they do not require resolution of a substantial question of federal patent law. The exhaustion doctrine prohibits patent holders from selling a patented article and then "invoking patent law to control postsale use of the article." Quanta Computer, Inc. v. LG Elecs., Inc., 553 U.S. ___, 128 S. Ct. 2109, 2122 (2008).

ExcelStor's amended complaint does not allege that Papst invoked the patent laws to control the post-sale use of the hard disk drives. Indeed, Papst could not bring another infringement action against ExcelStor unless the dismissal of Papst's earlier infringement action against ExcelStor were vacated by the court. ExcelStor, 2007 U.S. Dist. LEXIS 79305, at *13. Instead, ExcelStor's amended complaint alleges that Papst violated the patent exhaustion doctrine by "collecting two different royalties from the same patented product." Appellants' Am. Compl. at 3. But there is no federal cause of action for collecting royalties twice on the same goods. Patent exhaustion prohibits patentees from enforcing patent rights in certain circumstances, but it does not forbid multiple licenses on a single product or even multiple royalties. Papst's alleged collection of two sets of royalties in this case may, eventually, prove to have been prohibited by the terms of the individual license agreements, or such a collection scheme may prove to have been fraudulent, but patent law is not a necessary element of such determinations. They are properly made in this case by state, not federal, courts, under state law of contract and fraud.

## CONCLUSION

Accordingly, we affirm the district court's dismissal of ExcelStor's complaint for lack of subject matter jurisdiction.

## AFFIRMED