# United States Court of Appeals for the Federal Circuit

---

**SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,**
*Plaintiff-Appellant,*

**v.**

**YUJIRO NAGATA,**
*Defendant-Appellee.*

---

2012-1245

---

Appeal from the United States District Court for the Northern District of California in No. 11-CV-2793, Judge Charles R. Breyer.

---

Decided: February 11, 2013

---

LEIGH C. TAGGART, Rader, Fishman & Grauer, PLLC, of Bloomfield Hills, Michigan, argued for plaintiff-appellant. With her on the brief were R. TERRANCE RADER and JAMES F. KAMP.

JULIE S. TURNER, Turner Boyd, LLP, of Mountain View, California, argued for defendant-appellee. With him on the brief was JAMES W. BEARD.

---

Before LOURIE, BRYSON,* and WALLACH, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Semiconductor Energy Laboratory Co., Ltd. ("SEL") appeals from the order of the United States District Court for the Northern District of California dismissing SEL's complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under 28 U.S.C. § 1338(a) and declining to exercise supplemental jurisdiction over a number of state law claims. *Semiconductor Energy Lab. Co. v. Nagata,* No. 11-02793, 2012 WL 177557, at *8 (N.D. Cal. Jan. 23, 2012). Because the district court did not err in holding that there is no federal cause of action based on assignor estoppel and did not abuse its discretion in declining supplemental jurisdiction over the state law claims, we *affirm.*

## BACKGROUND

SEL owns U.S. Patent 6,900,463 (the "'463 patent"), which names Dr. Yujiro Nagata ("Nagata") as a co-inventor. During prosecution in 1991, Nagata assigned his rights to applications and patents related to the '463 patent to SEL's founder Dr. Shunpei Yamazaki, and subsequently signed a substitute Declaration and Assignment of those applications and patents. From 2002 to 2003, Nagata assisted SEL in a patent infringement suit against another party and was paid for his cooperation and services relating to that litigation.

In 2009, SEL brought suit for infringement of a number of patents, including the '463 patent, against Samsung, Inc. and others in the United States District Court for the Western District of Wisconsin. SEL contacted Nagata for further assistance, assuming that he would cooperate as he had in the earlier case, but learned in-

---

 * Circuit Judge Bryson assumed senior status on January 7, 2013.

stead that Nagata had agreed to assist Samsung in the litigation as a fact witness. During the Wisconsin proceedings, Nagata gave testimony repudiating his signature on the 1991 Declarations and Assignments. Samsung then claimed that the patents at issue, including the '463 patent, were unenforceable due to inequitable conduct, alleging that the documents were forged. The Wisconsin dispute eventually was settled, but SEL maintained that because Nagata's testimony impugned the enforceability of the '463 patent, SEL settled for less money than it would have otherwise.

SEL subsequently brought suit against Nagata in the United States District Court for the Northern District of California, asserting five causes of action in its amended complaint: (1) Declaratory Judgment – Violation of Federal Patent Law, (2) Declaratory Judgment – Anticipatory Breach of Contract, (3) Slander of Title, (4) Quiet Title, and (5) Unjust Enrichment. *Semiconductor*, 2012 WL 17757, at *2. SEL's first count seeking declaratory judgment for a "Violation of Federal Patent Law," indeed the only supposed federal cause of action, was based on an offensive application of the doctrine of assignor estoppel. SEL charged that "Federal law bars an assignor of a U.S. Patent from conduct that attacks the U.S. Patent subject to that assignment on grounds of invalidity or inequitable conduct" and that when Nagata signed the Declarations and Assignments at issue in 1991, he "intentionally relinquished any right to attack the enforceability of the patents subject to his assignment by virtue of Federal patent law estopping such attacks." *Id.* at *3. SEL sought damages for Nagata's action and posited that such relief from Nagata's allegedly wrongful conduct "necessarily depend[ed] on the resolution of one or more substantial questions of Federal patent law, resolution of which [was] essential to each of the claims." *Id.*

Nagata moved to dismiss SEL's complaint under Fed. R. Civ. P. 12(b)(1), which authorizes a party to seek

dismissal of an action for lack of subject matter jurisdiction.[1] The court granted Nagata's motion, dismissing SEL's complaint with prejudice for lack of subject matter jurisdiction because the doctrine of assignor estoppel does not provide a cognizable federal cause of action. *Id.* at *8. The court further held that SEL's "artful pleading" of the state law claims did not give rise to subject matter jurisdiction under 35 U.S.C. § 1338(a) because (1) there was no federal law central to each of the counts, as the doctrine of assignor estoppel did not even apply to the facts of this case, and (2) federal patent law was not essential to those claims as they were supported by alternative state law theories. *Id.* at *7. Thus, the court declined to exercise supplemental jurisdiction over the state law claims. *Id.* at *8.

SEL timely appealed the district court's rulings. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

A district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is a question of law that we review *de novo*. *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006); *see also Xechem Int'l, Inc. v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 382 F.3d 1324, 1326–27 (Fed. Cir. 2004). We review a district court's decision declining to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed for abuse of discretion. *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1352 (Fed. Cir. 2010); *see also Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

---

[1] Nagata also moved to dismiss for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6), but the district court did not reach that question.

## I.  Federal Subject Matter Jurisdiction

Federal courts may hear only those cases over which they have subject matter jurisdiction.  *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) ("Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case."); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.").  Subject matter jurisdiction may be based upon either diversity of citizenship or federal question jurisdiction, and where, as here, appellants do not claim diversity of citizenship, there must be federal question jurisdiction.  *ExcelStor Tech., Inc. v. Papst Licensing GmbH & Co. KG*, 541 F.3d 1373, 1375 (Fed. Cir. 2008).

To invoke federal question jurisdiction, a complaint must either plead a federal cause of action or necessarily implicate a substantial issue of federal law.  In pertinent part, 28 U.S.C. § 1338(a) provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents."  The Supreme Court has interpreted the "arising under" language of § 1338(a) in the same fashion as that of 28 U.S.C. § 1331, which governs the federal courts' original jurisdiction over federal questions.  The Court thereby incorporated the principles underlying the "well pleaded complaint" rule into the root of our patent law jurisdiction, stating:

> [Section] 1338 jurisdiction . . . extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that

> patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988) (citations omitted); *see also Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1577–78 (Fed. Cir. 1993). In appropriately dismissing SEL's complaint for lack of subject matter jurisdiction, the district court correctly held that SEL neither established that federal patent law created a cause of action as pleaded nor that federal patent law was a necessary element of its claims.

The only claim asserted by SEL that purports to arise under federal law, which SEL labeled "Declaratory Judgment – Violation of Federal Patent Law," was premised on the doctrine of assignor estoppel. As we explained in *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988), assignor estoppel is an equitable doctrine that prohibits an assignor of a patent or patent application, or one in privity with him, from attacking the validity of that patent when he is sued for infringement by the assignee. *See also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 412 F.3d 1331, 1336 (Fed. Cir. 2005) ("The doctrine of assignor estoppel prevents a party that assigns a patent to another from later challenging the validity of the assigned patent."). Assignor estoppel is thus a defense to certain claims of patent infringement.

On appeal, SEL relies on *Diamond Scientific* for the proposition that the doctrine of assignor estoppel is "not merely a defense," but that it "embodies fundamental principles of federal patent law and policy" by imposing a "duty of fair dealing . . . on an inventor who assigns intellectual property rights that are protected by the Constitution." Appellant Br. 25–26. SEL argues that, by repudiating his assignment relating to the '463 patent during the course of the Wisconsin litigation, Nagata violated federal patent law as reflected by that legal duty pursuant to § 1338(a). But SEL cites no precedent or

statute establishing assignor estoppel as a federal cause of action. SEL thus effectively invites us to create a new federal cause of action recognizing a supposed violation of the assignor estoppel doctrine under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. For his part, Nagata insists that federal jurisprudence does not recognize an affirmative cause of action based on violation of the assignor estoppel doctrine and that establishing one would be "an affront to public policy." Appellee Br. 17. We agree that our jurisprudence does not create a federal cause of action for assignor estoppel.

Despite SEL's contentions, assignor estoppel is a form of estoppel, and with rare exception, estoppel is a shield; it is an affirmative defense, not a claim for relief on its own. *See, e.g.*, Fed. R. Civ. P. 8(c)(1) (estoppel is an affirmative defense). Indeed, the Supreme Court has explicitly recognized assignor estoppel to be "the functional equivalent of estoppel by deed." *Diamond Scientific*, 848 F.2d at 1225 (citing *Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co.*, 266 U.S. 342, 348–49 (1924)). Under the doctrine, an assignor sued for infringement may not defend or counterclaim that the patent he assigned is invalid or unenforceable. *Id.* at 1226 ("When the inventor . . . has assigned the patent rights to another for valuable consideration, he should be estopped from defending patent infringement claims by proving that what he assigned was worthless."). That is not the case here, and we are not inclined to transform the shield into a sword. The relief requested by SEL is akin to seeking a declaratory judgment of patent validity, which is not a viable cause of action. As the district court fittingly noted, "it simply makes no sense to use a doctrine intended to estop a party from advancing a particular claim or defense in a legal case as a way to sue a non-party who has made no claim or defense in a legal case." *Semiconductor*, 2012 WL 17757, at *4 (citation omitted).

The dispute before us is one between a plaintiff in another, separate litigation and a witness for the defendant in that proceeding. The appropriate remedy, if any, for SEL to foreclose Nagata's relevant, factual testimony might have been to challenge his credibility in the crucible of cross-examination during the Wisconsin case, not to bring collateral litigation against him under a non-existent independent cause of action. Moreover, we have routinely rejected the proposition that assignors should be prohibited from testifying as fact witnesses in cases where they are neither a party to a case nor in privity with the defendant, and we will not now devise a cause of action to preclude such testimony. *See, e.g.*, *Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1339–40 (Fed. Cir. 2010) (holding no error by district court in allowing inventors to testify about patents they invented and declining to address argument that assignor estoppel barred such testimony); *Checkpoint Sys.*, 412 F.3d at 1337 (rejecting argument that non-party assignor should be barred from submitting testimony regarding failure to name inventors under doctrine of assignor estoppel).

Accordingly, we conclude that the district court did not err in ruling that SEL's complaint did not invoke federal subject matter jurisdiction on the ground that SEL stated no claim arising under federal law.

Even where a plaintiff does not state a federal cause of action, a federal court may still have subject matter jurisdiction if the plaintiff's claims implicate a substantial issue of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Thus, a well-pleaded complaint presents a federal question only when the federal issue is sufficiently substantial; there is no federal question when the federal law claim is insubstantial, implausible, or otherwise devoid of merit. *Franchise Tax Bd.*, 463 U.S. at 8–9; *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666–67 (1974).

SEL contends that the application and enforcement of the legal duty imposed on inventors by the assignor estoppel doctrine relates to a federal cause of action, *viz.*, patent infringement; thus resolution of Nagata's alleged violation of that legal duty is sufficiently central to each of the counts of its complaint so as to invoke subject matter jurisdiction over the state law claims under the "artful pleading" rule. Specifically, beyond the first count discussed above seeking declaratory judgment that Nagata violated the assignor estoppel doctrine as a matter of federal law, SEL argues that we should find federal subject matter jurisdiction over its remaining state law claims because Nagata's allegedly wrongful repudiation amounted to a breach of contract, slander of title, and unjust enrichment, the effects of which may be cured by application of a putative reverse assignor estoppel doctrine.

We disagree, because the asserted federal issue was insubstantial, implausible, and without merit. For the same reasons that reliance on the doctrine of assignor estoppel does not present a substantial issue of federal law in connection with SEL's purported federal claim, it likewise fails to provide a substantial issue of federal law justifying federal jurisdiction over SEL's state law claims. SEL's contrived federal issue is not a necessary element of its state law claims, which are each independent issues of state law, separately supported by alternative state law theories that do not necessarily require resolution of any disputed substantial question of federal patent law. *See Grable*, 545 U.S. at 314. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The district court was therefore correct in holding that SEL's artful pleading did not give rise to federal subject matter jurisdiction.

Furthermore, in support of its analysis, the district court also determined that, even if SEL had invoked federal subject matter jurisdiction, it nevertheless failed to state a claim under its own count for "Violation of Federal Patent Law" based on the requirements for the application of the doctrine of assignor estoppel. *Semiconductor*, 2012 WL 17757, at *5–7. In particular, the district court determined that, under our precedent, the assignor estoppel doctrine would not bar Nagata's testimony because (1) he was neither in privity with the defendant nor a party to the Wisconsin proceedings; and (2) his conduct in repudiating his signature on the assignment documents in that case merely challenged the veracity of those underlying contracts, not the validity of the '463 patent itself. *Id.* (citing *Univ. W. Va. Bd. of Trs. v. VanHoorhies*, 278 F.3d 1288 (Fed. Cir. 2002); *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d, 821 (Fed. Cir. 2001); *Mentor Graphics Corp. v. Quicktum Design Sys., Inc.*, 150 F.3d 1374 (Fed. Cir. 1998); *Shamrock Techs. v. Med. Sterilization, Inc.*, 903 F.2d 789 (Fed. Cir. 1990)). Nonetheless, because we conclude that the district court did not err in dismissing SEL's complaint for lack of subject matter jurisdiction as insubstantial and without merit in the first instance, we need not address this alternative basis of decision.

## II. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), a federal district court shall have supplemental jurisdiction over all claims that are so related to claims over which the court does have jurisdiction that they form part of the same case or controversy. However, pursuant to 28 U.S.C. § 1367(c)(3), a district court also has discretion to decline supplemental jurisdiction over any pendent state law claims if it has first dismissed all claims over which it has original jurisdiction. *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion,

not of plaintiff's right."); *HIF Bio*, 600 F.3d 1347 *as amended on reh'g in part* (June 14, 2010) ("Pursuant to 28 U.S.C. § 1367(c), the district court has discretion to decide on remand whether to exercise supplemental jurisdiction over the remaining causes of action."). Accordingly, because the district court correctly dismissed SEL's purported federal law claim, it did not abuse its discretion in declining to exercise supplemental jurisdiction for SEL's remaining state law claims.

## CONCLUSION

For the reasons stated above, the district court did not err in holding that SEL failed to invoke federal subject matter jurisdiction because there was no federal cause of action based on the affirmative application of the doctrine of assignor estoppel and because disposition of the state law claims did not necessarily require resolution of a substantial issue of federal patent law; nor did the district court abuse its discretion in declining supplemental jurisdiction over the state law claims. The judgment of the district court is therefore

## **AFFIRMED**