NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK FOSTER,**
*Plaintiff-Appellant,*

**v.**

**PITNEY BOWES CORPORATION,**
*Defendant-Appellee,*

AND

**UNITED STATES POSTAL SERVICE,**
*Defendant-Appellee,*

AND

**JOHN DOES 1-10,**
*Defendants.*

---

2013-1374, -1444

---

Appeal from the United States District Court for the Eastern District of Pennsylvania in No. 11-CV-7303, Judge Joel H. Slomsky.

---

Decided: December 11, 2013

---

FREDERICK FOSTER, of Philadelphia, Pennsylvania, pro se.

CHRISTOPHER A. LEWIS, Blank Rome, LLP, of Philadelphia, Pennsylvania, for defendant-appellee, Pitney Bowes Corporation. With him on the brief were KATHERINE P. BARECCHIA and JONATHAN SCOTT GOLDMAN.

ELIZABETH M. HOSFORD, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee, United States Postal Service. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director.

―――――――――――

Before RADER, *Chief Judge,* CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Pro se Appellant Frederick Foster appeals the following orders and opinion of the United States District Court for the Eastern District of Pennsylvania: (1) a July 23, 2012 opinion dismissing his claims against Appellee United States Postal Service ("USPS") under the Postal Accountability and Enhancement Act ("PAEA") and the Federal Tort Claims Act ("FTCA"); (2) an August 13, 2012 order denying his motions for sanctions against USPS; (3) an October 9, 2012 order denying his motion for reconsideration of the district court's dismissal of his claims against USPS; and (4) a February 12, 2013 order granting Appellee Pitney Bowes Inc.'s ("Pitney Bowes") motion for judgment on the pleadings. *Foster v. Pitney Bowes Corp.,* No. 11-cv-7303 (E.D. Pa.). We *affirm* the appealed orders and opinion in their entirety.

BACKGROUND

In early May 2007, Mr. Foster submitted a provisional patent application  to the United States Patent and Trademark Office ("USPTO") detailing his concept for a "Virtual Post Office Box/Internet Passport" system ("VPOBIP").  Under the VPOBIP system as conceived by Mr. Foster, subscribing individuals and businesses could obtain a virtual post office box by confirming their identity at a local post office.  Email messages sent by these subscribers would be marked with a VPOBIP badge indicating that the sender's identity had been verified.  A goal of the system was to reduce Internet fraud.  Mr. Foster perfected the application when he filed U.S. Patent Application No. 12/129,755 on May 30, 2008.

 Because Mr. Foster failed to provide a nonpublication request, the USPTO pursuant to regulation made Mr. Foster's application publicly available on December 4, 2008.  The USPTO issued a final rejection of Mr. Foster's application on June 24, 2010, and, when Mr. Foster did not appeal this rejection, informed him on February 26, 2011 that his application had been abandoned.

In late May of 2007, after his provisional application was filed, Mr. Foster initiated discussions with USPS about the possibility of implementing his VPOBIP concept.  Mr. Foster subsequently had conversations with many USPS representatives, and, at USPS's suggestion, representatives of other Government agencies, including the Postal Regulatory Commission ("PRC").  In September 2009, after Mr. Foster's patent application had been made public, a representative from the PRC suggested that Mr. Foster contact the President of Postal Relations at Pitney Bowes.  Mr. Foster did so, describing via email the VPOBIP concept and explaining his intention to partner with USPS.  No further conversations between Mr. Foster and Pitney Bowes or USPS are indicated in the record.

Pitney Bowes launched the website "Volly.com" in early 2011. In November 2011, Mr. Foster sued Pitney Bowes, USPS, and ten John Doe defendants in the United States District Court for the Eastern District of Pennsylvania, claiming that Volly.com copies ideas contained in his patent application.

Specifically, Mr. Foster alleged that USPS and Pitney Bowes violated the provision of the PAEA codified in 39 U.S.C. § 404a(a)(3), stating that:

> the Postal Service may not … obtain information from a person that provides (or seeks to provide) any product, and then offer any postal service that uses or is based in whole or in part on such information, without the consent of the person providing that information, unless substantially the same information is obtained (or obtainable) from an independent source or is otherwise obtained (or obtainable).

Mr. Foster also alleged various tortious acts committed by USPS and Pitney Bowes, including misrepresentation and fraud, conversion, unjust enrichment, and misappropriation of trade secrets.

On March 9, 2012, USPS moved to dismiss all of Mr. Foster's allegations under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. After Mr. Foster filed a response and a hearing was held, the district court granted USPS's motion to dismiss under Fed. R. Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction. *Foster v. Pitney Bowes Inc.*, No. 11-7303, 2012 WL 2997810, at \*1 (E.D. Pa. July 23, 2012) ("*Foster I*"). With respect to the PAEA claim, the district court concluded that the PRC has exclusive jurisdiction over such claims, with appellate jurisdiction vesting in the United States Court of Appeals for the District of Columbia. *Id.* at \*5. With respect to the tort claims, the district court conclud-

ed that the FTCA prohibits claims of misrepresentation and conversion against the Government and requires a petitioner to exhaust administrative remedies for claims of unjust enrichment and misappropriation of trade secrets. *Id.*

Following the district court's grant of USPS's motion to dismiss, Mr. Foster moved for reconsideration pursuant to Fed. R. Civ. P. 59. He also moved for sanctions against USPS. The district court denied both of these motions.

On August 31, 2012, Pitney Bowes moved before the district court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). On February 12, 2013, the district court granted Pitney Bowes's motion. With respect to the PAEA claim, the district court found that 39 U.S.C. § 404a(a)(3) does not apply to Pitney Bowes, a private corporation. *Foster v. Pitney Bowes Corp.*, No. 11-7303, 2013 WL 487196, at \*4 (E.D. Pa. Feb. 8, 2013) ("*Foster II*"). The district court also found that no tort had been committed against Mr. Foster because any information that may have been appropriated by Pitney Bowes in creating Volly.com was in the public domain at the time he spoke with Pitney Bowes representatives. *Id.* at \*4-- 10. In light of its grant of judgment on the pleadings to Pitney Bowes, the district court granted Pitney Bowes's non-infringement counterclaim and dismissed its invalidity counterclaim as moot on April 12, 2013.

Mr. Foster timely appeals the orders and opinions of the district court.[1]

---

[1] Mr. Foster has filed a Motion for Leave to Supplement his Informal Brief, dated October 30, 2013. As the time for briefing had passed at the time of filing, we deny the motion as untimely. Fed. Cir. R. 31 (e).

DISCUSSION

Mr. Foster appeals three district court orders involving USPS and one order involving Pitney Bowes. We address each of these in turn.

I

Mr. Foster first challenges the district court's grant of USPS's motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. We review the district court's decision in this regard de novo. *Semiconductor Energy Laboratory Co. v. Nagata*, 706 F.3d 1365, 1368 (Fed. Cir. 2012).

The district court determined, first, that it had no subject matter jurisdiction to hear Mr. Foster's PAEA claim because 39 U.S.C. § 3662 requires an individual suing under 39 U.S.C. § 404a to satisfy certain procedural requirements that were not met here. *Foster I* at *3–5. Section 3662 provides that:

> Any interested person . . . who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601 . . . may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe.

Section 3663 of title 39 further provides that a person adversely affected by a ruling of the PRC may appeal the ruling in the United States Court of Appeals for the District of Columbia. The district court construed sections 3662 and 3663 as vesting exclusive jurisdiction for claims arising under 39 U.S.C. § 404a in the PRC, with appellate jurisdiction in the United States Court of Appeals for the District of Columbia.

Mr. Foster claims that the district court erred in reaching this conclusion because 39 U.S.C. § 409 states

that "[e]xcept as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." He also points out that the language of section 3662 is permissive rather than mandatory. *See* 39 U.S.C. § 3662 ("Any interested person … *may* lodge a complaint …") (emphasis added). Mr. Foster made the same arguments before the district court, and that court found them to be unpersuasive. We also consider these arguments to be unavailing.

As the district court pointed out, the legislative history of § 3662 suggests that "Congress intended a plaintiff to exhaust the PRC process before challenging an adverse ruling in the United States Court of Appeals for the District of Columbia." *Foster I* at *5. The Postal Reform Act of 1970, under which the initial version of § 3662 was enacted, established the Postal Rate Commission to hear all claims involving postal rates and services. *See* 39 U.S.C. § 3662 (repealed 2006). The district court noted that courts have regularly held that early versions of § 3662 conferred exclusive jurisdiction to the Postal Rate Commission to hear these claims, despite its permissive language. *Foster I* at *4 (citing *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 800 (8th Cir. 2006); *Bovard v. U.S. Post Office*, No. 94-6360, 47 F.3d 1178, 1995 WL 74678, at *1 (10th Cir. Feb. 24, 1995); *Azzolina v. U.S. Postal Serv.*, 602 F. Supp. 859, 864 (D.N.J. 1985); *Tedesco v. U.S. Postal Serv.*, 553 F. Supp. 1387, 1389 (W.D. Pa. 1983)).

In 2006, the PAEA expanded the reach of § 3662 to include claims arising under specific sections of the PAEA, including § 404a. 39 U.S.C. § 3662 (2006). There is nothing in the statutory text or legislative history to suggest that the PAEA eliminated the exclusive jurisdiction conferred to the Postal Rate Commission (renamed the Postal Regulatory Commission, or PRC, by the PAEA) over claims enumerated in § 3662. To the contrary, the PAEA added specific, additional types of claims to the

jurisdictional provision of § 3662, including claims arising under § 404a.

The fact that § 409 of the PAEA generally grants jurisdiction over actions brought against USPS does not change this conclusion. Indeed, § 409 specifically states that its grant of jurisdiction to the district courts does not apply to exceptions "otherwise provided in this title." 39 U.S.C. § 409(a). Section 3662, with its grant of jurisdiction to the PRC over claims arising under § 404a, provides such an exception. Thus, the district court correctly determined that it lacked subject matter jurisdiction to consider claims arising under § 404a. *See Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 246 (3d Cir. 2011) (holding that a later-enacted and specific statutory provision bars district court jurisdiction for contract claims against USPS despite § 409's general grant of jurisdiction).

In granting USPS's motion to dismiss, the district court next determined that it had no subject matter jurisdiction over Mr. Foster's tort claims. *Foster I* at *5. Section 409(c) of the PAEA provides that any tort claim against USPS is subject to the provisions of the FTCA found in title 28 chapter 171. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (holding that 39 U.S.C. § 409(c) requires tort claims brought against USPS to comply with the FTCA). The FTCA explicitly prohibits claims of misrepresentation against the Government. 28 U.S.C. § 2680(h). Further, the FTCA requires, as a jurisdictional prerequisite to adjudication in a federal court, all claims to first be brought before the appropriate agency—here, the USPS's Tort Claims Examiner. *See* 28 U.S.C. § 2675(a). It is undisputed that Mr. Foster did not bring his claims to the USPS before initiating this suit.

Thus, the district court correctly dismissed these claims for lack of subject matter jurisdiction.[2]

## II

Mr. Foster also challenges the district court's denial of his motion for reconsideration and its denial of sanctions against USPS. We review these determinations for abuse of discretion. *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004) (holding that the standard of review for the denial of Rule 11 sanctions is governed by the law of the regional circuit); *Gary v. The Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008) (holding under Third Circuit law that denial of Rule 11 sanctions is reviewed for abuse of discretion); *Delaware Floral Group v. Shaw Rose Net LLC*, 597 F.3d 1374, 1378 (Fed. Cir. 2010) (holding that the standard of review for the denial of a motion for reconsideration is governed by the law of the regional circuit); *Long v. Atlantic City Police Dep't*, 670 F.3d 436, 447–48 (3d Cir. 2012) (holding under Third Circuit law that the denial of a motion for reconsideration is reviewed for abuse of discretion).

With respect to the motion for reconsideration, the district court found that Mr. Foster had failed to carry his burden under Fed. R. Civ. P. 59 of showing that (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a clear error of law or

---

[2]   The district court, applying Third Circuit law, found that conversion is a form of misrepresentation that is explicitly excluded as a cause of action under the FTCA. *Foster I* at *5. We need not decide here whether conversion is a permissible cause of action under the FTCA because Mr. Foster did not perfect his administrative remedy for his conversion claim pursuant to 28 U.S.C. § 2675(a).

manifest injustice required reconsideration.  We see no abuse of discretion in the district court's determination.[3]

Nor did the district court abuse its discretion in denying Mr. Foster's motion for sanctions against USPS.  Mr. Foster's argument that sanctions are appropriate because the United States Department of Justice ("DOJ") was precluded by statute from representing USPS in the

---

[3]    Mr. Foster has filed a Motion for Judicial Notice of New Evidence Pursuant to Fed. R. Evid. 201(c) and Intervening Change of Controlling Law/Correction of Error Pursuant to Fed. R. Civ. P. 59(e), dated July 29, 2013.  In an Order dated October 3, 2013 this court deferred Mr. Foster's motion for consideration by the merits panel.  As USPS points out in its briefing, a Rule 59 motion is appropriate only before the trial court, and we therefore deny the motion.  However, we consider the evidence that Mr. Foster has presented in support of this motion as potentially supportive of Mr. Foster's claim that the district court abused its discretion in denying his Rule 59 motion. This evidence consists of a PRC proposed rulemaking and a USPS Inspector General's ("IG") report.

Neither of these documents supports Mr. Foster's contentions that there has been an intervening change of controlling law or that there is new (and relevant) evidence that was not previously available under Fed. R. Civ. P. 59.  Contrary to Mr. Foster's claim, the PRC proposed rulemaking does not support the proposition that the PRC did not, at the time of suit, have jurisdiction over claims arising under 39 U.S.C. §404a.  Nor is the IG report, which refers to "Virtual Post Office Boxes" and thus according to Mr. Foster proves that USPS stole his idea, relevant to the district court's decision. The district court dismissed Mr. Foster's suit for lack of subject matter jurisdiction and did not reach the issue of whether USPS misappropriated information from Mr. Foster.

district court is without merit.  Although 39 U.S.C. § 409(g)(1) does prohibit the DOJ from representing USPS in certain limited situations, none of these situations apply here.  The general rule, provided in 39 U.S.C. § 409(g)(2), states that the DOJ "shall . . . furnish the Postal Service such legal representation as it may require."  Mr. Foster therefore presents no tenable basis for sanctions against USPS.

## III

Finally, Mr. Foster challenges the district court's grant of judgment on the pleadings to Pitney Bowes under Fed. R. Civ. P. 12(c).  We review a grant of judgment on the pleadings de novo.[4]  *N.Z. Lamb Co. v. United States,* 40 F.3d 377, 380 (Fed. Cir. 1994).

---

[4]  Pitney Bowes argues that we do not have jurisdiction to review the district court's February 12, 2013 order granting judgment on the pleadings to Pitney Bowes because Mr. Foster did not specifically name that order in his notice of appeal, naming instead the district court's April 12, 2013 order handling Pitney Bowes's counterclaims.  Appellee Br. 2.  It is clear from Mr. Foster's notice of appeal, however, that he intended to appeal the district court's grant of judgment on the pleadings, since he specifically stated in that document that he was appealing "the Judgment and Order … granting a motion for Judgment on the Pleadings[.]"  Notice of Appeal, No. 11-7303 (E.D. Penn. Apr. 24, 2013).  Because Mr. Foster is a pro se litigant, we have the discretion to be more lenient in interpreting his filings.  *See McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1356 (Fed. Cir. 2007) ("Where, as here, a party appeared *pro se* before the trial court, the reviewing court may grant the *pro se* litigant leeway on procedural matters, such as pleading requirements.").  We

In reaching its determination, the district court first found that Pitney Bowes could not be sued under the PAEA because it is a private corporation. *Foster II* at *4. We must also conclude that Pitney Bowes cannot be sued under 39 U.S.C. § 404a. As the district court pointed out, the prohibitions listed in § 404a apply on their face to USPS and not to private entities. *See* 39 U.S.C. § 404a ("[T]he *Postal Service* may not …") (emphasis added).

Mr. Foster argues, notwithstanding the plain language of 39 U.S.C. § 404a, that Pitney Bowes is a "state actor" for purposes of this litigation. Appellant Br. 1. He cites to the Third Circuit's three-part test for determining whether a private entity is a state actor for litigation purposes. This test asks:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009) (internal citations omitted).

We note, as did the district court, that this three-part test is relevant in the context of 42 U.S.C. § 1983 litigation and that Mr. Foster raised no § 1983 claim in his Complaint. However, assuming arguendo that the three-part test is relevant here, we conclude that Pitney Bowes does not meet the requirements of this test.

---

will therefore consider his challenge to the district court's grant of judgment on the pleadings.

First, Pitney Bowes, in launching its website Volly.com, did not exercise a power that is traditionally the exclusive prerogative of the state. Volly.com is apparently a web-based service that allows users to manage their bills (including mail-based bills) and accounts from a single website. Although Volly.com involves mail, it does not exercise any power traditionally exercised by USPS. Second, there is no evidence, other than Mr. Foster's unsupported allegation, that Pitney Bowes acted with the help of or in concert with USPS to develop Volly.com. Similarly, there is no evidence that USPS has "so far insinuated itself into a position of interdependence" with Pitney Bowes "that it must be recognized as a joint participant" in the creation of Volly.com. *Kach,* 589 F.3d at 646. Thus, Pitney Bowes cannot be considered a state actor for purposes of this litigation, and Mr. Foster's PAEA claim against Pitney Bowes must fail.

The district court also granted judgment on the pleadings to Pitney Bowes on Mr. Foster's tort claims.[5] The court determined that all of Mr. Foster's tort claims against Pitney Bowes failed because his VPOBIP concept

---

[5] Pitney Bowes argues that Mr. Foster waived any challenge to the district court's findings in this regard because he did not address the issue in his opening brief. However, we interpret Mr. Foster's statement on page 9 of his opening brief that "the trial court failed to realize Plaintiff's patent application is not relevant in this case as it . . . did not contain the confidential information that is relevant" as an appropriate challenge, since the district court relied on the existence of allegedly confidential information in the patent application in dispensing with Mr. Foster's tort claims. Appellant Br. 9; *Foster II* at *4–9. As mentioned above, we have discretion to be lenient in interpreting the filings of a pro se litigant. *See McZeal,* 501 F.3d at 1356.

was publicly available in the published U.S. Patent Application No. 12/129,755 before he had any conversations with Pitney Bowes. *Foster II* at *4–9. We also conclude that the publication of U.S. Patent Application No. 12/129,755 on December 4, 2008 precludes any tort recovery by Mr. Foster.

With respect to the trade secret claim, the district court outlined the requirements for a prima facie showing of misappropriation of trade secrets. A plaintiff must show: "(1) the existence of a trade secret; (2) communication of a trade secret pursuant to a confidential relationship; (3) use of the trade secret, in violation of that confidence; and (4) harm to the plaintiff." *Foster II* at *5 (quoting *Moore v. Kulicke & Soffa Indus.,* 318 F.3d 561, 566 (3d Cir. 2003)).

The district court found that Mr. Foster could not make this prima facie showing because Pennsylvania law defines a trade secret as a secret for which "reasonable efforts to maintain secrecy" have been made. *Id.* (quoting 12 PA. CONS. STAT. § 5302). The court correctly pointed out that Mr. Foster had had the option of filing a non-publication request with his provisional patent application but chose not to do so, and that the ideas in his published patent application therefore were not subject to reasonable efforts to maintain confidentiality. *Id.* at 5–7.

Mr. Foster argues before this court that Pitney Bowes misappropriated additional trade secrets that were not included in his provisional patent application. Appellant Br. 9. Mr. Foster does not specify what these trade secrets are. But even if he is correct in this regard, we note that there is no evidence that Mr. Foster entered into any confidentiality agreement, informal or otherwise, with Pitney Bowes when he initiated contact with the company in 2009. Thus, these trade secrets were not the subject of "reasonable efforts to maintain secrecy," as Pennsylvania law requires.

As for Mr. Foster's misrepresentation claim, Pennsylvania law requires a false and material representation made with the intent of inducing reliance. *Overall v. Univ. of Pa.,* 412 F.3d 492, 498 (3d Cir. 2005). A plaintiff must also show that justifiable reliance on the misrepresentation actually took place. *Id.* Here, the district court found that there was no justifiable reliance on any alleged misrepresentations by Pitney Bowes because Mr. Foster knew or should have known that the information he provided to Pitney Bowes was publicly available. *Foster II* at *8. We also rule that the publication of Mr. Foster's patent application prior to his communications with Pitney Bowes negates any reliance on any alleged representations of confidentiality. To the extent Mr. Foster alleges that he shared additional ideas with Pitney Bowes and that Pitney Bowes falsely communicated that it would keep these ideas confidential, there is no evidence in the record to support such an allegation.

Similarly, the district court found that even assuming that the tort of conversion applies to ideas, no liability for conversion was possible when Mr. Foster had relinquished control over his VPOBIP concept by permitting it to be published. *Id.* We also conclude that Mr. Foster has no tenable conversion claim against Pitney Bowes. Any argument that Pitney Bowes stole additional ideas that were not included in Mr. Foster's patent application cannot be accepted absent evidence that this in fact occurred.

Finally, the district court concluded that Mr. Foster's claim for unjust enrichment must fail as a matter of law because there was no bestowal of benefit on Pitney Bowes. *Id.* at *9. The company was free, without Mr. Foster's assistance, to look up Mr. Foster's published patent application. We cannot disagree with the district court. Again, to the extent that Mr. Foster wishes us to consider the argument that Pitney Bowes was unjustly enriched by

additional ideas not included in his patent application, Mr. Foster presents no evidence to support this argument.

## IV

For the reasons provided above, we affirm the appealed orders and opinions of the United States District Court for the Eastern District of Pennsylvania.

### **AFFIRMED**

#### COSTS

Each side shall bear its own costs.