BLD-079                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3209

_____

IN RE: FREDERICK FOSTER,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. Nos. 2:11-cv-07303 and 2:22-cv-03349)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 26, 2023

Before: AMBRO*, KRAUSE, and PORTER, Circuit Judges

(Opinion filed: February 13, 2023)

_____

OPINION*

_____

PER CURIAM

    In November 2011, Petitioner Frederick Foster brought a civil action against the

United States Postal Service (USPS), Pitney-Bowes, and others, alleging, inter alia,

violations of 39 U.S.C. § 404a(a)(3) of the Postal Accountability and Enhancement Act

_____

*Judge Ambro assumed Senior Status on February 6, 2023.
**This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

(PAEA). The District Court dismissed the claims, and the Court of Appeals for the Federal Circuit affirmed. See Foster v. Pitney Bowes Corp., 549 F. App'x 982 (Fed. Cir. 2013).

In August 2022, Petitioner filed a new civil action asserting that fraud rendered all the judgments in the 2011 proceedings void, and otherwise sought to relitigate the claims made in his earlier lawsuit. See Foster v. Slomsky, 2:22-cv-03349, ECF No. 8. Petitioner moved to disqualify the United States Attorney's Office (USAO) from representing the government defendants, arguing that such representation was precluded by 39 U.S.C. § 409(g)(1). See Id., ECF No. 20. The District Court denied the motion, noting that the representation issue was already litigated and found to lack merit in the earlier proceedings. See Id., ECF No. 25 at 1; see also Foster, 549 F. App'x at 988 ("Although 39 U.S.C. § 409(g)(1) does prohibit the DOJ from representing USPS in certain limited situations, none of these situations apply here."). After the District Court denied his motion for reconsideration on the issue, Petitioner filed a notice of appeal to this Court. See C.A. 22-3105. That appeal was ultimately withdrawn, after Petitioner was notified it was subject to dismissal for lack of jurisdiction, as the orders being appealed were not final orders.

After that jurisdictional notification, and before he withdrew his appeal, Petitioner filed the instant Petition for a Writ of Mandamus, seeking to have this Court "order the District Court for the Eastern District of Pennsylvania to act in accordance with Congress's intent, statutory and common law, this Third Circuit's *binding* precedents, *inter alia*." 3d Cir. ECF No. 2 at 2 (emphasis in original). Petitioner asserts that "the

2

District Court failed and refused to act in accordance with Fed. R. Civ. P. 60(d)(1) – to entertain an independent action to relieve a party from a judgment and 60(d)(3) – to 'set aside' a judgment for fraud on the Court." Id. at 3.  Petitioner also takes issue with the District Court "allowing the DOJ to furnish legal representation to the USPS for violations of Federal laws prohibiting the conduct of business in a *fraudulent* manner." Id. at 4 (emphasis in original).  Among other relief, Petitioner seeks to have this Court "vacat[e] the **VOID** Orders made in 2:11-cv-07303 for failure [to] act in accordance with due process [of] law and being produced by fraud," and "overturn[] the **VOID** judgments made in Foster v. Pitney Bowes Corp., 549 F. App'x 982, 988 (Fed. Cir. 2013)." Id. at 28 (emphasis in original).

A writ of mandamus is a drastic remedy that is available only in extraordinary circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

Petitioner has not made that showing here.  His mandamus petition appears to raise issues that either were the subject of his past appeal in connection with the 2011 litigation, or were the subject of the appeal in C.A. No. 22-3105, which Petitioner voluntarily withdrew.  Because mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal," Madden v. Myers,

3

102 F.3d 74, 77 (3d Cir. 1996); <u>see</u> <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."), we will deny Petitioner's mandamus petition.  His motion to stay the proceedings in 2:22-cv-03349, motion to strike the entry of appearance and response on behalf of Respondents, and emergency motion to expedite and for injunctive and other relief are denied.