**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1298
_____

FREDERICK FOSTER,
Appellant

v.

JOEL H. SLOMSKY; LANDON Y. JONES; WILLIAM M. MCSWAIN; UNITED
STATES ATTORNEY OFFICE FOR EASTERN DISTRICT OF PENNSYLVANIA;
UNITED STATES DEPARTMENT OF JUSTICE; JANINE CASTORINA;
CHRISTOPHER A. LEWIS; JONATHAN S. GOLDMAN; KATHERINE P.
BARECCHIA; UNITED STATES POSTAL OFFICE; PITNEY BOWES
INCORPORATED; JOHN AND JANE DOES 1 - 10; ZANE D. MEMEGER;
GREGORY B. DAVID; ANNETTA FOSTER GIVHAN; MARGARET L.
HUTCHINSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:22-cv-03349)
District Judge: Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 11, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**PER CURIAM**

Appellant Frederick Foster, proceeding pro se, appeals orders of the District Court dismissing his complaint, denying reconsideration, and imposing a pre-filing injunction on him. For the following reasons, we will affirm.

In November 2011, Foster sued the United States Postal Service ("USPS"), the Pitney Bowes corporation, and others, alleging violations of the Postal Accountability and Enhancement Act ("PAEA"), among other related claims. Foster's claims centered on the accusation that USPS and Pitney Bowes stole an idea for secure digital communications that he had previously presented to them and had unsuccessfully attempted to patent. The District Court dismissed the claims, and the Court of Appeals for the Federal Circuit affirmed. See Foster v. Pitney Bowes Corp., 549 F. App'x 982 (Fed. Cir. 2013) (per curiam). Foster also unsuccessfully sought to litigate his claims with the Postal Regulatory Commission; the Court of Appeals for the D.C. Circuit denied his petition for review of that agency's adverse decision. See Foster v. Postal Regul. Comm'n, 738 F. App'x 1 (D.C. Cir. 2018) (unpublished memorandum decision).

In August 2022, Foster filed a new civil action asserting that the judgments in his prior proceedings were void because they were procured through wide-ranging "fraud on the court." See generally Am. Compl., ECF No. 8. He named a slew of defendants, including the district judge who oversaw his prior case, the judge's law clerks, various members of the United States Attorney's Office ("USAO"), USPS, Pitney Bowes, and private attorneys who had participated in the prior litigation. As he had done in his prior case, Foster moved to disqualify the USAO from representing the government

2

defendants, arguing that such representation was barred by statute. The District Court denied the motion, citing the Federal Circuit's rejection of the same argument in Foster's prior proceeding.[1]

The various defendants then moved to dismiss Foster's complaint for a lack of subject-matter jurisdiction and failure to state a claim. The District Court dismissed the complaint, concluding that Foster's claims were barred by sovereign immunity, judicial privilege, and issue preclusion. When Foster moved for reconsideration of that decision, the District Court denied his motion and ordered him to show cause why he should not be enjoined from pursuing the same issues in future filings. Foster filed a memorandum in opposition. The District Court rejected his arguments and imposed an injunction requiring Foster to seek leave of Court before filing any documents related to his underlying claims. Foster appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Foster's complaint and may affirm on any basis supported by the record. See Host Int'l v. MarketPlace PHL, LLC, 32 F.4th 242, 247 n.3 (3d Cir. 2022) (citations omitted); Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529–30 (3d Cir. 2012). To survive a motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pleadings of pro se litigants are construed liberally,

---

[1] Foster filed and then withdrew a premature appeal from the order denying his motion for disqualification. See C.A. No. 22-3105. We then denied his petition for a writ of mandamus that sought to compel the District Court to disqualify the USAO and to void the judgment in his prior action. See C.A. No. 22-3209.

but "pro se litigants still must allege sufficient facts in their complaints to support a claim." See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013).

Foster's complaint primarily seeks relief from the judgment in his prior action based on his allegations that the judge, his staff, and the attorneys involved all committed fraud on the court. In assessing such claims, we "employ a demanding standard . . . requiring: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005). Moreover, "the fraud on the court must constitute egregious misconduct such as bribery of a judge or jury or fabrication of evidence by counsel." Id. (cleaned up).

Foster's complaint does not meet that demanding standard. The purportedly fraudulent acts that he identified in his complaint amount to nothing more than legal arguments made by his litigation opponents and rulings made by the judge that he believes are erroneous. The mere fact that Foster disagrees with them does not render them fraudulent or deceptive. Besides, during the prior litigation, Foster vigorously opposed the arguments and rulings that he now asserts are fraudulent. Having had and availed himself of that opportunity, he is not due relief from the resulting judgment on that basis now. Cf. Mazzei v. The Money Store, 62 F.4th 88, 94 (2d Cir. 2023) (collecting cases expressing an "unwillingness to find fraud on the court where the alleged fraud could have been redressed in the underlying action").

Aside from his plea to void the prior judgment, though, Foster sought other relief. To the extent that the first eleven "counts" of the complaint sought damages from the

4

judge, the judicial clerks, the attorneys, and the parties to the litigation, we agree with the District Court that "[t]hese counts all arise from communications that someone made in the regular course of judicial proceedings that were pertinent and material to the relief sought. The judicial privilege bars them." ECF No. 56 at 6; see also Capogrosso v. N.J. Sup. Ct., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam); Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 312 (3d Cir. 2003).

We also agree with the District Court that Foster's "Count XII" is precluded because it seeks to relitigate issues or claims that were or could have been adjudicated in the prior litigation. See ECF No. 56 at 6–7 (citing, inter alia, Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir. 2009)). In that count, Foster sought damages from USPS and Pitney Bowes for the same alleged misappropriation of his concept for secure digital delivery that was at issue in his prior action. See Am. Compl. 138–141, ECF No. 8. We agree with the District Court that, even assuming Foster identified different sources of law for his claim, he is precluded from relitigating issues that were previously decided on the merits. See, e.g., Mem. Op. 14, Foster v. Pitney Bowes Corp., No. 2:11-cv-07303, at ECF No. 50 (E.D. Pa. Feb. 8, 2013) ("Any injury Plaintiff may have incurred as a result of [his invention] becoming public knowledge was a consequence of Plaintiff submitting a patent application for the invention and not taking steps to prevent publication."), aff'd, 549 F. App'x 982 (Fed. Cir. 2013); see also Doe v. Hesketh, 828 F.3d 159, 171 (3d Cir. 2016).

Foster also challenges the District Court's denial of his motion to disqualify the USAO from representing USPS and related government defendants.[2] As described above, the District Court's denial of Foster's motion cited to "the reasons stated by the Federal Circuit" in ruling on the same issue during the prior action. ECF No. 25 at 1 (citing Foster, 549 F. App'x at 988 ("Although 39 U.S.C. § 409(g)(1) does prohibit the DOJ from representing USPS in certain limited situations, none of these situations apply here.")). This was not an abuse of discretion. See United States v. Bellille, 962 F.3d 731, 738 (3d Cir. 2020) (explaining that questions of attorney withdrawal are committed to a district court's sound discretion). To the extent that Foster also challenges the district judge's refusal to disqualify himself under 28 U.S.C. § 455, we agree that Foster did not present any reasonable basis for disqualification. See Order, ECF No. 61 (citing, inter alia, Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004)).

Foster's appeal also encompasses the District Court's denial of his motion for reconsideration, which we review for an abuse of discretion. See United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018). The District Court correctly concluded that Foster's motion contained only "arguments that he raised in his responsive brief or arguments that he could have raised but did not. Mr. Foster does not cite any change in law, new evidence, or actual error of law. Nor does his Motion demonstrate any manifest injustice from the Court's ruling, other than he disagrees with it." ECF No. 59 at 2; see also Kalb,

---

[2] That earlier order merges with the final judgment and is reviewable at this stage. See Fed. R. App. P. 3(c)(4); In re Westinghouse Sec. Litig., 90 F.3d 696, 706 (3d Cir. 1996).

891 F.3d at 467 ("[A]rguments [that] could as well have been made earlier . . . [are] not a proper basis for reconsideration." (citation omitted)).

Finally, Foster challenges the District Court's order enjoining him from future filings, which we also review for an abuse of discretion. See Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). Before imposing a filing injunction, a district court must (1) ensure that the situation presents "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions"; (2) allow the litigant "to show cause why the proposed injunctive relief should not issue"; and (3) "narrowly tailor[]" the filing injunction "to fit the particular circumstances of the case before [that] [c]ourt." Id. at 1038. Each of these steps was met here. The District Court issued an order directing Foster to show cause why a filing injunction should not issue and attached its proposed injunction. See ECF Nos. 59 & 59-1. Foster responded to that order. See ECF No. 62. The District Court then entered the injunction, coupled with a narrative statement of Foster's repeated "meritless motions and successive cases." ECF No. 63 at 1–2. The injunction restricted only Foster's ability to file documents on the existing dockets or any new case related to the same underlying claims, while also providing that Foster could seek leave of court to make such new filings if they are not frivolous or do not seek relief previously denied. See id. at 3. The injunction is thus narrowly tailored to the circumstances of the case before the District Court, and there was no abuse of discretion.

For the foregoing reasons, we will affirm the District Court's judgment and imposition of the filing injunction.[3]

---

[3] Appellees' motion for leave to file a supplemental appendix is granted. Appellant's motion to proceed on the original record is denied. To the extent that Appellant has sought to correct typographical errors in his briefs, we grant that relief and have considered the corrected briefs. We have reviewed and considered Appellant's other pending motions filed in this Court and, in light of our decision, they are denied.